W. D. REEVES LUMBER COMPANY v. DAVIS.

Opinion delivered May 22, 1916.

1. PLEADING AND PRACTICE—ACTION BY ONE OF TWO PARTNERS—OTHER MAY BE JOINED AS DEFENDANT.—Where a right of action accrues to two persons, growing out of a contract with defendant, an attempt by one of them to cancel the contract, is equivalent to his refusal to join in an action against defendant, and the other in suing may make him a party defendant.

2. ACTIONS—TRANSFER TO EQUITY—PARTNERSHIP ACCOUNTS.—A. and B. entered into a contract with C. Thereafter B. relieved C. of any liability to him. *Held*, where A. sued C., the trial court properly refused to transfer the cause to equity.

3. DAMAGES—BREACH OF CONTRACT.—Damages for a breach of contract are to be measured by the value of the contract to the plaintiff at the time it was broken.

4. PARTNERSHIP—PAROL PROOF OF.—A. and B. contracted to do certain work for C. Thereafter B. undertook to relieve C. from liability on the contract. *Held*, oral testimony showing that A. and B. were partners for the purposes of this contract, was admissible.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; reversed.

*Fink & Dinning* and *Moore, Vineyard & Satterfield,* for appellants.

1. The demurrer should have been sustained because plaintiff could not sue alone for breach of the contract. Giles was a partner and should have been joined as plaintiff. Kirby's Dig., §§ 5099, 6005; 106 N. E. 243; 1 Ark. 59; 31 *Id.* 175; 29 S. W. 313; 180 S. W. 499; 9 Cyc. 704; 46 N. E. 220; 5 *Id.* 83; 2 Dana (Ky.) 460; 38 Ark. 72; 19 *Id.* 566; 24 *Id.* 555; 110 U. S. 215.

2. A partner can not sue alone for his share of a firm claim. 30 Cyc. 564; 25 S. E. 938; 53 Md. 364; 36 N. W. 95. Misjoinder may be raised by demurrer. Bliss Code Pl. (2 ed.), § 413; 6 Enc. Pl. & Pr., p. 348.

3. The cause should have been transferred to equity. 93 Ark. 447; 110 U. S. 215; 128 S. W. 41.

4. The court erred in excluding the testimony offered. 50 Ill. 332; 98 Me. 57; 9 Cyc. 656; 35 S. W. 272; 42 N. E. 251; 46 *Id.* 423.

5. If the cancellation of the contract by Giles was in good faith and free from fraud, it bound the partnership. The instructions refused were based upon this theory, and the court erred in excluding the testimony on this subject. 50 Ill. 332; 57 Atl. Rep. 83; 9 Cyc. 356; 35 S. W. 272; 42 N. E. 251; 46 *Id.* 423. Plaintiffs could not sue for one-half the profits. 93 Ark. 447.

*Bevens & Mundt,* for appellee.

1. The demurrer was properly overruled. Kirby's Dig., § 6007. Giles was made a defendant properly and there was no misjoinder. 31 Ark. 175; 9 Cyc. 704; 93 Ark. 447. This court only holds that all persons interested must be parties plaintiff or defendant. This was done. 3 Ark. 364; 33 *Id.* 240; 37 *Id.* 511; 59 *Id.* 191; 28 *Id.* 171.

2. The motion to transfer was properly denied. 93 Ark. 447.

3. One partner has no power to sell the whole firm property, without the consent of his copartner. 1 Ark. 206; 37 *Id.* 228; 104 *Id.* 119; 27 Mo. 536; 29 Kan. 551; 49 Miss. 569.

4. There never was a partnership. Davis and Giles were joint owners of the contract. 30 Cyc. 402; 140 Okla. 523; 78 Pac. 94; 87 S. W. 182; 44 Ark. 423; 63 *Id.* 518; 6 Col. App. 334; 38 Me. 246; 24 W. Va. 411; 41 Me. 9; 178 Mo. 789; 60 Me. 169; 56 N. Y. 424; 80 Ark. 23; 93 *Id* 52.

5. There was no error in excluding the testimony offered nor in the court's instructions. Only general objections were made. 81 Ark. 191; 75 *Id.* 325; 87 *Id.* 396; 104 *Id.* 409; 140 U. S. 76. The testimony was irrelevant.

HART, J. J. M. Davis sued the W. D. Reeves Lumber Company to recover the sum of $8,000 for the alleged breach of a written contract whereby J. M. Davis and C. C. Giles agreed to cut and haul for the W. D. Reeves Lumber Company the timber on the lands described in the contract for a stipulated price per thousand feet. The complaint alleged that Giles had released all his right in the contract to the Reeves Lumber Company, and he was also made a party defendant to the action. The jury returned a verdict for the plaintiff for $3,375. Judgment was rendered in favor of the plaintiff against the W. D. Reeves Lumber Company for that amount. The lumber company has appealed. The material facts are as follows:

The W. D. Reeves Lumber Company entered into a written contract with J. M. Davis and C. C. Giles to cut and haul to a certain point on the Mississippi River the timber on lands described in the contract at a stipulated price per thousand feet. It was provided in the contract that the timber should be cut and hauled by the first day of September, 1916, and the contract was executed on July 8, 1914. Davis and Giles at once entered upon the land with a full line of equipment, including about thirty teams, for the purpose of performing the contract on their part. On August 10, 1914, the Reeves Lumber Company notified them to stop hauling the timber that was already cut because financial conditions were such that the lumber company could not get money to meet the pay rolls. Giles and Davis stopped the work and Davis thereafter asked the president of the lumber company several times

when they would be allowed to commence operations again and was told by him that they could do so when conditions would permit. A short time after this Giles called Davis up and told him that he wanted to get out of the contract. On October 1, 1914, the president of the lumber company told Davis that the contract had been canceled by Giles and that he would not permit any work to be done under the contract until Giles and Davis had a settlement. Davis told the president that Giles had no right to cancel the contract and that he knew nothing about him having done so. He also told him that he would not waive any of his rights under the contract and expected to carry it out. About October 16, Davis entered upon the land again and proceeded to perform the contract. On October 20, 1914, the lumber company notified him to quit cutting timber under the contract and stated that it would not pay for the cutting, and denied the authority of Davis to proceed with the work.

Davis testified that he was financially able to perform the contract and also testified in regard to the profits he could have made under it. It is not necessary to abstract the testimony on this point, but it is sufficient to say that under the evidence adduced by the plaintiff his profits would at least have equaled the amount recovered by him before the jury.

On the part of the defendant it was shown that Giles entered upon the land soon after the contract had been executed and that he did nearly all the work that was done before the lumber company requested them to cease working. On the 1st of October, 1914, Giles canceled the contract with the lumber company.

It is first contended by counsel for the defendants that the demurrer of the defendant lumber company to the complaint should have been sustained. The demurrer was based on the ground that the plaintiff could not bring the action in his name alone, but should have joined his partner, Giles, in the complaint. Section 6007 of Kirby's Digest provides, ''Of the parties to the action,

those who are united in interest must be joined as plain-
tiffs or defendants; but when, for any cause, it may be
necessary for the purpose of justice, a person who should
have been joined as plaintiff may be joined as defendant,
the reason therefor being stated in the complaint.''

In *Ingham Lumber Co.* v. *Ingersoll,* 93 Ark. 447, the
court held that in a suit upon a contract made by a firm,
all of the partners have an interest in the subject-matter
and are necessary parties. In that case, in construing
section 6007 of Kirby's Digest, it was said that where a
partner refuses to join in an action to recover a claim of
the firm he may be made a party defendant. In the in-
stant case the complaint of Davis alleges that Giles had
released and relinquished all of his rights in the contract
to the Reeves Lumber Company. Giles in his answer ad-
mitted that he had canceled the contract and released the
Reeves Lumber Company by a written release in the name
of Davis and Giles.

(1)    If Giles had canceled the contract and by an in-
strument in writing had released the Reeves Lumber
Company from further performance of the contract, this
was equivalent to a refusal on his part to join in an action
to recover damages for an alleged breach of the contract.
Therefore, under the section of the statute above quoted,
the plaintiff properly made Giles a party defendant to
the action.

(2)    It is next contended by counsel for the lumber
company that the court erred in not sustaining its motion
to transfer the cause to the chancery court. There was
no error in this regard. The action of Giles in canceling
the contract and the relinquishment of all his rights there-
under to the lumber company absolved it from any fur-
ther liability to him under the contract. The lumber
company was not interested in any partnership equities
between Davis and Giles. The court did not err in re-
fusing to transfer the action to equity.

(3)    The court was requested by counsel for the lum-
ber company to give instruction No. 4, which reads as fol-

lows: "The jury is instructed that before the jury can find for the plaintiff in any event they must find from the testimony that the plaintiff could have made a profit in carrying out said contract, in accordance with its terms, after the cancellation." The court refused to give the instructions as asked but struck out the words "after the cancellation" and gave the instruction as thus modified. Counsel for the lumber company contend that the words stricken from the instruction should have been given, because the right of recovery must necessarily have been from the date of the breach of the contract. The court, however, did give instruction No. 2, which reads as follows: "If you find for the plaintiff in this case his damages are to be measured by the value of the contract to him at the time it was broken and this value is estimated by the profits he would have realized during the continuance of the contract had it been faithfully carried out by the parties, but in estimating the profits which a party under such contract would realize, allowance must be made for every item of cost and expense necessarily attending a full compliance on his part." This instruction plainly tells the jury the damages are to be measured by the value of the contract to plaintiff at the time it was broken.

The plaintiff acquiesced in stopping the work in August and under the undisputed evidence there was no breach of the contract until it was canceled on Ocober 1, 1914, by Giles and the lumber company. Therefore, instruction No. 2 was a correct instruction on the measure of damages and was as favorable to the theory of the lumber company as it was entitled to.

(4) It was the theory of the lumber company that Davis and Giles under the contract were partners in cutting and hauling the timber. The lumber company offered to introduce testimony to the effect that Davis was indebted to it in the sum of $12,000 during the summer and fall of 1914. It also offered to introduce in evidence a letter dated September 16, 1914, to it from Da-

vis. In this letter Davis stated that he was confined to his house on account of his eyes and that his physicians had advised him to go to Memphis or some other city and have them examined. That for this and some household expenses he needed from $150 to $200, which he wanted to borrow from the lumber company. The action of the court in refusing to admit the offered oral testimony and this letter is assigned as error by counsel for the lumber company. We think the refusal of the court to admit the oral testimony and the letter was erroneous and calls for a reversal of the judgment. Davis and Giles entered into a contract with the lumber company jointly to cut and haul the timber on the land of the lumber company for the purpose of speculation. Under the terms of the contract, manifestly it was their intention to form a partnership. See *Beebe* v. *Olentine,* 97 Ark. 390. The contract of partnership was not for the performance of personal services and either partner could carry out the contract. *Smith* v. *Hill,* 13 Ark. 173. It is not claimed that Giles had any express authority to cancel the contract, but it is claimed such authority was implied. The cancellation of the contract practically terminated the business for which the partnership was formed. Such act on the part of Giles was a fraud upon Davis, and he had a right to avoid it. The rescission called for the exercise of a power by Giles which was not incident to the conduct of the firm's business in the ordinary manner and it could not bind Davis unless he authorized it or assented to it. *Phoenix Insurance Co.* v. *Fleenor,* 104 Ark. 119; 30 Cyc. 491 and 495. While Giles had no authority to cancel the contract as far as the rights of Davis were concerned, still the lumber company might interpose as a defense to the action the inability of Davis to perform the contract after Giles had abandoned it and refused to assist in the performance of it.

Davis had testified that he was financially able to perform the contract, and the excluded testimony was competent to discredit his testimony, and, also, as affirmative

evidence tending to show that he was not able to perform the contract after Giles had terminated it, as far as he was concerned, and thus to establish the defense of the lumber company, that Davis was not able to perform it.

For the error in refusing the offered testimony, the judgment will be reversed and the cause remanded for a new trial.