VOSS *v.* ARTHURS.

Opinion delivered May 14, 1917.

1. APPEAL AND ERROR—CASE NOT FOR JURY—IMPROPER SUBMISSION—FAILURE TO OBJECT.—Where an issue should have been determined by the court without a submission to the jury, the cause will not be reversed, where the appellant failed to object, if the jury reached a proper verdict.

2. PARTNERSHIP—WITHDRAWAL OF PARTNER—USE OF FIRM NAME.—Where a partner withdraws from a firm, the surviving partner may use the firm name to maintain the necessary actions to close up the joint business and to enforce the rights of the old partnership.

3. PARTNERSHIP—TORT OF PARTNER.—Partners are all liable for the tort of one of them committed as a partner in the course of the partnership business, whether they all had knowledge of the wrongful act of the partner or not.

4. PARTNERSHIP—BRINGING OF WRONGFUL ACTION.—All of the partners are responsible for the wrongful institution of an action to enforce a partnership demand, whether they have knowledge of the action or not.

5. PARTNERSHIP—WITHDRAWAL OF PARTNER—ACTS OF SURVIVOR.—The fact that a partner has retired from the firm leaving the survivor or survivors as successors to his rights, does not eliminate or diminish his liability for the acts of the survivor or survivors, within the scope of their authority as surviving partners.

6. PARTNERSHIP—WRONGFUL ACT OF SURVIVING PARTNER—REMEDY OF RETIRING PARTNER.—Where, in winding up partnership affairs, the surviving partner brings an action in the partnership name and incurs liability, the retiring partner has an action for indemnity against the other.

Appeal from Jackson Circuit Court; *J. B. Baker,* Judge on Exchange; reversed.

*Otis W. Scarborough* and *Lon L. Campbell,* for appellant.

1.   The demurrer should have been sustained.   The complaint alleges no fraud on the part of defendants or their attorneys.   39 Ark. 107; 97 *Id.* 117; 43 *Id.* 107.

2.   No fraud is alleged on part of defendants in procuring the judgment.   75 Ark. 426; 73 *Id.* 443; 93 *Id.* 269.

3.   No proper defense is alleged.   83 Ark. 17; 104 *Id.* 449-458.

4.   Defendants were entitled to an instructed verdict.   12 R. C. L. 242, 319, 352, 335; 12 *Id.* 237.

5.   The fraud practiced by Kerin or plaintiff's attorney will not avail.   2 R. C. L. 982; 4 L. R. A. (N. S.) 244; 1 Ark. 103; 97 *Id.* 117.

6.   Lack of authority of defendant's attorney would be no ground for vacating judgment.   39 Ark. 107; 43 *Id.* 107; 37 N. Y. 505; 30 Cal. 446; 8 Ill. 2; 52 *Id.* 385.

7.   The remedy is against the attorney—who is solvent.   2 R. C. L. 984; 30 Cal. 446; 8 Ill. 2; 52 *Id.* 385.   See, also, 114 Ark. 493.

8.   The instructions are erroneous.   *Supra.*

*Harry M. Woods* and *Jno. W. & Jos. M. Stayton,* for appellee.

1.   The demurrer was properly overruled.   Fraud was charged.   75 Ark. 426; 73 *Id.* 443; 93 *Id.* 269; 75 *Id.* 426; 95 *Id.* 180.

2.   The peremptory instruction was properly refused.   The mortgagee's legal interest does not pass by the assignment of the debt.   Jones on Ch. Mortg., § 503; 73 Ark. 592.   Plaintiff must have the legal right or right of possession.   73 Ark. 592.

2.   There was fraud in procuring the judgment. Having filed the motion, appellants are bound by it.   56 Ark. 93; 31 Cyc. 87.

3.   There is no error in the instructions given.

McCulloch, C. J.   In the year 1910 an action was instituted in the circuit court of Jackson County in the

name of John Kerin and appellee W. A. Arthurs, under
the partnership name of Kerin, Arthurs & Co., against
appellants A. S. Voss, J. N. Murphy and W. P. Bonly to
recover possession of certain described live stock, right
of possession being asserted by the plaintiffs in the action
under a chattel mortgage executed by defendants therein
to the firm of Kerin, Arthurs & Co. An order of delivery
was duly issued in the action and bond given by the plain-
tiffs, and the officers took possession of the property in
controversy and delivered same to the plaintiff. The ac-
tion was continued from term to term, and when finally
called for trial on September 27, 1912, the plaintiffs in the
action failed to appear, and there was a trial of the cause
in their absence which resulted in a judgment in favor of
the defendants (appellants herein) for the return of the
property or the payment of its value, which judgment re-
mains unsatisfied. Three years later appellee, W. A.
Arthurs, filed his complaint in the Jackson Circuit Court
against Voss, Murphy and Bonly to set aside said judg-
ment against him on the ground of fraud in the procure-
ment of the judgment.

This proceeding was instituted under the statute
which provides that a judgment after the expiration of
the term at which it was rendered may be vacated by the
court "for fraud practiced by the successful party in ob-
taining the judgment or order." Kirby's Digest, § 4431,
subdiv. 4.

Fraud on the part of appellants is charged in that
appellee had, before the commencement of the original
action, retired from the firm of Kerin, Arthurs & Co., and
was not a member thereof; that the action was instituted
by Kerin without the knowledge of appellee and without
authority from him; and that appellants, with full knowl-
edge of the fact that the suit was unauthorized by ap-
pellee, procured the judgment of the court to be rendered
against him. Appellants demurred to the complaint,
which was overruled, and an answer was filed denying the
charge of fraud in procuring the judgment. There was a

trial of the cause before a jury without objection from either party so far as appears from the record, and the jury returned a verdict in favor of appellees, upon which judgment was entered vacating the original judgment.

(1)  The court should have disposed of the issue without a trial by jury, but as no objection was made to that procedure, we will take no further notice of the irregularity in submitting the cause to the jury. If the issue of facts was correctly settled, and the judgment of the court was in accordance with the law, no prejudice resulted.

(2)  Appellee retired from the partnership and assigned his interest before the commencement of the original action, but the surviving member of the firm had the right to use the name of the original partners for the purpose of maintaining necessary actions to close up the joint business and to enforce the rights of the old partnership.

"After the dissolution and assignment of his interest by one copartner to the other," said this court in *Molen v. Orr,* 44 Ark. 486, "the latter took all the rights of the firm and might have exercised them in the firm name for all purposes necessary to their enforcement, and for closing up the joint business."

In other words, appellee was, notwithstanding his withdrawal from the firm, a proper party plaintiff in any action brought for the enforcement of the rights of the partnership to which the survivor had succeeded. 2 Rowley on Partnerships, section 803.

(3)  Learned counsel for appellee concede that appellee was a necessary party to the original action for the reason that the chattel mortgage under which the personal property sought to be recovered was claimed had not been specifically assigned to the succeeding partner, and that the suit could only be brought in the name of the persons who held the legal title; but they insist that appellee did not become liable for the injury to appellants resulting from the wrongful action instituted by the sur-

viving copartner because he was merely a nominal, though necessary, party. That reasoning is unsound. Partners are all liable for the tort of one of them committed as a partner in the course of the partnership business whether they all had knowledge of the wrongful act of the partner or not. *McIlroy* v. *Adams,* 32 Ark. 315; *McClure* v. *Hill,* 36 Ark. 268; 1 Rowley on Partnership, section 502; 1 Bates on Partnership, sections 464-465.

(4-5) The authorities seem to be pretty well unanimous on the proposition that all the partners are liable for damages on account of a wrongful act of one of the partner's done within the apparent scope of his authority as a member of the partnership, and the only difficult question is concerning the extent of the authority of the partner in doing the particular act complained of. However, the decisions of this court, *supra,* settle the question that all of the partners are responsible for the wrongful institution of an action to enforce a partnership demand, whether they have knowledge of the action or not. The fact that a partner has retired from the firm leaving the survivor or survivors as successors to his rights, does not eliminate or diminish his liability for the acts of the survivor or survivors within the scope of their authority as surviving partners, and, as we have seen from reference to our former decisions, that a surviving partner has the right of action in the name of all the partners, it results that it is within the apparent as well as actual scope of authority to join the name of the retiring partner in the suit. If the retiring partner desires to protect himself against the exercise of that power, he may do so by a provision in the contract, in which case he could be joined as defendant in suits instituted to enforce the partnership demands. *Ingham Lumber Co.* v. *Ingersoll,* 93 Ark. 447; *Reeves Lumber Co.* v. *Davis,* 124 Ark. 143.

(6) Appellee not having protected himself in that way, he impliedly extended authority to his succeeding partner to use his name in actions instituted to enforce partnership demands. The action, it is true, was brought

for the benefit of the succeeding partner, but, as between them and their adversary, all of the parties to the action are responsible for any damage which results. Of course, as between the two partners, the one for whose benefit the action is brought is liable to the other for indemnity against loss.

The original action was instituted by an attorney of the Jackson County bar, and there was a presumption that he was clothed with proper authority to bring the action. In addition to that, the defendants in the original action (appellants) had the right to assume that the implied power of the surviving partner to institute the action had not been restricted by a special contract. This is so even if it be conceded that appellants knew that appellee had retired from the firm. The evidence tends to establish the fact that the attorneys for appellants ascertained, during the progress of the original action, that appellee had retired from the firm and was not a member thereof at the time the action was instituted, but that was not sufficient to charge them with notice of any limitation upon the implied authority of the succeeding partner to maintain an action to enforce the partnership demands. Indeed, there is no evidence whatever in this record tending to show that there was any restriction upon the implied power of Kerin as the succeeding partner. All that appellee attempted to show in the present proceeding was that appellants knew that he had retired from the firm, and, as before stated, that was not sufficient to establish knowledge on the part of appellants that Kerin had exceeded his authority.

It devolved upon appellee, as the moving party in the present proceeding, to prove fraud on the part of appellants in the procurement of the judgment, and he has, we think, failed to successfully bear that burden. There is no proof in the record at all which justifies the conclusion either of actual or constructive fraud. The judgment of the circuit court is, therefore, reversed and judgment will be entered here dismissing the complaint of

appellee, which leaves the original judgment in full force and effect.