## UNITED EQUITABLE INSURANCE CO. *v.*
### William G. KARBER

5-4384                          421 S. W. 2d 338

Opinion delivered December 4, 1967

*Francis T. Donovan,* for appellant.

*Jones & Stratton,* for appellee.

George Rose Smith, Justice. This is an action brought by the appellee to recover hospital expenses of

$433.29 under an insurance policy issued by the appellant. The plaintiff attempted to obtain service of process on the defendant under the Unauthorized Insurers Process Act. Ark. Stat. Ann. §§ 66-2903 to 66-2907 (Repl. 1966). The defendant appeared specially to file a motion to quash the service, on the ground that the plaintiff had not complied with the statute. This appeal is from a judgment finding that the service was good and awarding a default judgment to the plaintiff. The sufficiency of the service is the question at issue.

The complaint, filed on July 1, 1966, alleged that the defendant was an Illinois insurance company. Apparently a summons was served on the Insurance Commissioner, because the record contains a copy of a form letter by which that officer sent a copy of a summons to the defendant on July 15, 1966. The only other pertinent parts of the record, as certified by the clerk of the trial court, are the defendant's motion to quash the service, the judgment appealed from, and the notice of appeal. There is no testimony.

As far as this record shows, the plaintiff did not comply with the statute governing the service of process. That statute requires not only that the summons be served on the Insurance Commissioner but also that the plaintiff's attorney send a copy of the summons to the defendant by registered mail and thereafter file with the clerk of the court (a) the defendant's return receipt for the registered letter and (b) the attorney's affidavit showing compliance with the statute. Section 66-2905. That section goes on to provide that the plaintiff shall not be entitled to judgment by default until thirty days after the filing of the affidavit of compliance.

Here there is no showing that the plaintiff's counsel either gave the defendant the required notice by registered mail or filed the necessary affidavit of compliance with the statute. Thus, on the record before us, the motion to quash the service should have been sustained.

The appellee, in seeking to avoid the consequences of his failure to comply with the statute, makes two suggestions. First, he argues that the defendant waived its present contention by sending a letter to the Insurance Commissioner in which it was stated that the summons had been received and that the defendant would either dispose of the matter with opposing counsel or retain local counsel to handle the case.

There are two flaws in this argument. One, the letter to the Insurance Company was written by a firm of attorneys who are not shown to have been authorized to represent the insurance company. While it is true that an attorney who appears in court is presumed to be authorized to represent his client, *Voss* v. *Arthurs*, 129 Ark. 143, 195 S. W. 680 (1917), his authority in other respects must be proved. See *Bank of Batesville* v. *Maxey*, 76 Ark. 472, 88 S. W. 968 (1905). Here the attorney's letter to the Insurance Commissioner did not amount to the filing of a pleading in the Faulkner circuit court and so did not carry any presumption of authority to represent the defendant.

Two, it is not shown that either the letter in question or several other documents relied upon by the appellee were put in evidence in the court below. Those documents follow the clerk's certification of the record and are authenticated only by a statement of the court reporter that they are correct copies ''of the record introduced in open court on the 1st day of May, 1967, in the captioned case, no testimony being presented.'' There is no showing whatever that the documents were offered in evidence or received in evidence by the trial court. On their face they are plainly inadmissible without having been identified by authenticating testimony. But the reporter states that no testimony was presented. With the record in such a seriously deficient condition we are unwilling to rest our decision upon the assumption that the interloping documents were properly before the trial judge.

The appellee's second contention is that the controlling statute prohibits this defendant from filing its motion to quash service without first having qualified to do business in Arkansas or having filed bond securing the payment of any judgment that may be rendered. Section 66-2907.

We do. not so construe the statute when it is read as a whole. Section 66-2905 affirmatively declares that the plaintiff is not entitled to judgment by default until the attorney's affidavit of compliance with the statute has been filed. Section 66-2907 (3) permits the unauthorized insurer to file a motion to quash service on the ground that it has not done any of the acts which the statute enumerates as a basis for the court's jurisdiction. The statute does not affirmatively state that the defendant may file a motion to quash service on the ground that the plaintiff has not complied with the act in his attempt to obtain personal jurisdiction over the defendant.

Thus the statute contains an apparent conflict within itself, in that it requires the affidavit of compliance as a condition to the entry of a default judgment but does not expressly authorize the defendant to file a motion to quash service on the ground that the affidavit of compliance is missing. In this situation we are unwilling to say that the legislature's positive command that the affidavit of compliance be filed is nullified by the statute's failure to mention noncompliance as a basis for quashing service. It is the settled policy of our law to permit a defendant to question the sufficiency of the service of process by entering a special appearance for that purpose only. *Smith Chickeries* v. *Cummings, Judge,* 224 Ark. 743, 276 S. W. 2d 48 (1955); *American Farmers Ins. Co.* v. *Thomason,* 217 Ark. 705, 234 S. W. 2d 37 (1950); Leflar, Conflict of Laws, § 34 (1959). That policy is rooted in fairness and justice. We are not prepared to say that the General Assembly's positive and explicit direction that the affidavit of compliance be filed was nullified by the statute's failure to specify the

absence of that affidavit as a basis for a motion to quash service.

The judgment is reversed and the cause remanded with directions to quash the service of process and to proceed further consistently with this opinion.