William B. POTTER, By His Attorney, Michael REDDEN
*v.* FIRST NATIONAL BANK, Guardian of the Estate of
William B. POTTER, Incompetent and Debbie Potter
LYNCH, Guardian of the Person of William B. POTTER,
Incompetent

86-212                                                          728 S.W.2d 167

Supreme Court of Arkansas
Opinion delivered April 27, 1987

*Michael Redden & Assoc.*, for appellant.

*Lightle, Beebe, Raney & Bell*, for appellee.

STEELE HAYS, Justice. On January 8, 1985 Debbie Potter Lynch petitioned for the appointment of First National Bank of Searcy as guardian of the estate of her seventy-eight year old father, William B. Potter, who had inherited a sizeable sum from his son's estate. Mr. Potter was notified of the proceedings on January 9 and on January 14 the petition was granted. Mr. Potter did not appear at the hearing.

Thereafter a car was purchased by the guardian and a home belonging to Mrs. Lynch and her husband was purchased by the guardian at a cost of $17,500. Repairs amounting to $6,233.36 were subsequently authorized.

In September, 1985 Mr. Potter's former wife and the mother of Debbie Lynch petitioned for Mrs. Lynch's appointment as guardian of the person of Mr. Potter. First National Bank joined in the petition, which alleged that Mr. Potter had become unmanageable and needed custodial care. The petition was granted on the same day it was filed without notice to Mr. Potter.

On October 25 attorney Michael Redden, purporting to act on behalf of William Potter, filed a petition to set aside the appointment of First National Bank as guardian of the estate and

in the alternative that a hearing be held to determine whether Mr. Potter is competent.

The bank moved to dismiss the petition on grounds that no appeal had been taken from the order appointing a guardian of the estate and that since more than ninety days had elapsed the court was without jurisdiction to vacate the order, no grounds having been alleged under ARCP Rule 60. The motion also questioned Mr. Redden's standing to act on behalf of Mr. Potter.

By amended petition Redden also moved to set aside the order appointing Mr. Lynch as guardian of the person or, in the alternative, that a hearing be conducted to determine whether Mr. Potter is competent. The bank and Mrs. Lynch renewed the petition to dismiss.

At a hearing on the motions it developed that Mr. Redden had been employed by Mr. Warren T. Lipscomb, Minister of the Westgate Apostolic Church in Searcy and Mr. Potter's pastor. He testified that he had known William Potter for about seven years, that Potter had attended church services regularly prior to his stroke in 1981 and that Lipscomb had visited him on a weekly basis since his confinement. At one point Mr. Lipscomb had contacted the bank in regard to what he believed to be Potter's desire to contribute a tithe to the church. In connection with that endeavor Mr. Lipscomb had employed a psychologist who twice interviewed Mr. Potter and pronounced him competent. Mr. Lipscomb maintained that he was authorized orally by Mr. Potter to employ Redden to challenge the guardianships, though whether Redden and Potter had ever had direct contact, he did not know.

Mr. Wayne Hartsfield, President of First National Bank testified that when he originally met with Mr. Potter in January 1985 Potter was very irrational but had no opposition to the appointment of a guardian of his estate. At later times Mr. Potter was much more rational and had never expressed opposition to the guardianship. He said that in response to Mr. Lipscomb's inquiries concerning a tithe, a monthly contribution was being made to the church.

Mr. Robert Edwards of Searcy testified concerning contacts by Mr. Lipscomb in behalf of Mr. Potter, and Mrs. Lynch

testified that her father had been placed in a nursing home because he was difficult to manage.

At the conclusion of the hearing the probate judge found that Mr. Lipscomb, while an interested party, did not have standing to contest the two orders in question and Mr. Redden did not "at this time" represent Mr. Potter; that the question of William Potter's competency was properly before the court and that a hearing would be conducted into that question when Mr. Redden and Mr. Bell, who represented the guardians, could advise the court how long they thought it would take to try the issues. When Mr. Redden asked whether Mr. Lipscomb were free to hire representation concerning the competency issue, the court answered in the affirmative, "unless I am shown something different." The court noted that Mr. Potter could be present at the competency hearing and state who he wanted to represent him and the purpose of the hearing would be to see if the previous orders should be modified. Thus the net effect of the findings was to grant the alternative relief sought by the petition.

When the formal order was entered some weeks later it recited that neither Redden nor Lipscomb had standing to represent William Potter, or to attack the order appointing a guardian of the person; that the order appointing a guardian of the estate was not subject to attack because no motion was filed within ninety days and none of the exceptions in ARCP Rule 60(b) applied; that the only relief to which William B. Potter was entitled was pursuant to Ark. Stat. Ann. § 57-865 (Supp. 1985) to determine whether guardianship should be dismissed or modified. Michael Redden has appealed on behalf of William B. Potter, alleging that it was error to rule that he had no standing to act for Mr. Potter, that the dismissal of his motions denied Potter due process of law and were an abuse of discretion by the trial judge.

■ We disagree with the probate court that there was no showing that Mr. Lipscomb was authorized to act for Mr. Potter. His testimony that Potter directed him to employ an attorney to challenge the guardianships was unequivocal and was essentially uncontroverted. Evidently the bank recognized that Lipscomb derived some authority from Potter, as the bank began making monthly contributions to Westgate Apostolic Church after Lips-

comb contacted it.

Obviously William Potter has standing to attack a guardianship of his person and estate. *Randolph* v. *Porter*, 188 Ark. 729, 67 S.W.2d 574 (1934); *Gimbaugh* v. *Superior Court*, 221 P. 635 (S.Ct. of Cal. 1923); *Strickland* v. *Peacock*, 77 S.E.2d 14, 18 (S.C. of Ga. 1963); Ark. Stat. Ann. § 57-865 (Cumm. Supp. 1985). The question is whether Michael Redden has the authority to act in William Potter's behalf, and under the circumstances presented by the case, the proof sustains that conclusion.

Appellees cite us to *McKenzie* v. *Burris*, 255 Ark. 330, 500 S.W.2d 357 (1973), where by dictum it is said that a defendant has standing to challenge the authority of an attorney to represent the opposing litigants in a medical malpractice case. The holding in *McKenzie* v. *Burris*, is not applicable here — we refused to issue a writ of prohibition to the circuit court against recognizing the attorney (a non-resident) as co-counsel of record in the case. More nearly applicable is *Pender* v. *McKee*, 266 Ark. 18, 582 S.W.2d 929 (1979), where we said an attorney who appears in court is presumed to be authorized to represent the client, citing *Broadway* v. *Sidway*, 84 Ark. 527, 107 S.W. 163 (1907) and *United Equitable Ins. Co.* v. *Karber*, 243 Ark. 631, 421 S.W.2d 338 (1967).

On the issue of standing itself neither side cites anything directly in point and we have found nothing definitive. In general, the law with respect to standing is not to be narrowly or restrictively interpreted. *Wisconsin Environment Decade, Inc.* v. *Public Service Commission*, 230 N.W. 2d 243 (S.C. of Wisc. 1975); C.J.S., Vol 67 A, Partee's, § 12. "Standing is not a rigid and dogmatic rule, but one to be applied with some view of the realities and practicalities of the situation." *Washakie County School District* v. *Herschler*, 606 P.2d 310 (S.C. of Wyo. 1980).

When the realities of this case are considered we think the trial court's discretion would have been better exercised on the side of standing. Without suggesting that there are no outer limits to the question of standing the testimony of Mr. Lipscomb that he was instructed by Mr. Potter to hire a lawyer on his behalf stands largely undisputed. We find that testimony persuasive. We do agree with the trial court that an attack on the

order of January 14, 1985 appointing the bank as guardian of the estate is untimely and no grounds were alleged to vacate the order under ARCP Rule 60(b) and to that extent we affirm the order appealed from.

Affirmed in part, reversed in part and remanded for further proceedings.

HICKMAN, J., not participating.