The Honorable Myra Jones State Representative 5201 Country Club Road Little Rock, AR 72207
Dear Representative Jones:
This is in response to your request for an opinion on the following questions:
 1. Who has standing to enforce a contract between a state agency, in this case Arkansas Department of Pollution Control and Ecology, and a private corporation (MRK and Vertac Site Contractors)?
 2. If a state agency (ADPCE) states that the contract has been complied with when there are facts available to show that the contract was in fact materially breached, what is the remedy?
 3. Do individuals have any standing to involve themselves in a situation between a state agency and a private corporation when the individuals' health, safety or welfare is involved?
 4. Under what circumstances would a private individual have a right to bring a cause of action against the state agency or the private corporation?
 5. Would the Attorney General's office be able to bring a cause of action against either the state agency or the private corporation in such circumstances?
As an initial matter, it must be noted that this opinion does not, nor should it be construed to address the specific contract referenced in your first question. The opinion responds to the general questions raised in your request, and presents a general discussion of the relevant areas of law. The construction of a contract is not properly within the scope of an Attorney General opinion. This opinion therefore draws no conclusions concerning any specific contract.
It must also be initially noted, in responding to these questions, that in accordance with Article 5, Section 20 of the Arkansas Constitution, the state ". . . shall never be made defendant in any of her courts." Thus, state agencies are generally immune from suit in the state's courts. Fireman's Ins.Co. v. Arkansas State Claims Comm., 301 Ark. 451, 784 S.W.2d 771
(1990).
The question of whether a particular action falls within the constitutional prohibition requires a case by case determination. Generally, a suit cannot be maintained to compel the state to perform a contract specifically. Caldwell v. Donaghey,108 Ark. 60, 156 S.W. 839 (1913). See also Allen Engineering Co. v.Kays, 106 Ark. 174, 152 S.W. 992 (1913). The legislatively created Arkansas State Claims Commission is the method by which claims alleged to be just and legal debts of the state may be filed and reviewed. A.C.A. § 19-10-101—406 (1987 and Cum. Supp. 1991). If, however, a state agency is acting illegally or if a state officer refuses to do a purely ministerial act required by statute, an action against the agency or officer is not prohibited. See Commission on Judicial Discipline andDisability, 303 Ark. 24, 792 S.W.2d 594 (1990).
With these general principles in mind, I will proceed to address the questions posed.
With regard to your first question, it must first be recognized that contracts between the state and private individuals are to be construed in the same manner and are subject to the same rules of law as contracts of private persons. See 81A C.J.S. States
§ 168 (1977). In this regard, as a general matter, privity of contact is required under Arkansas law in order to maintain an action on a contract. See generally Baldwin v. Neal,190 Ark. 673, 80 S.W.2d 648 (1935). See also ARCP 17 and Bryantv. Lemmons Herron, 269 Ark. 5, 598 S.W.2d 79 (1980) (actions must be brought by real parties in interest).[1]
While as a general matter actions to enforce a contract may not be maintained by one who is merely an incidental beneficiary, without enforceable rights under the contract, contracts made for the benefit of a third party are actionable by that party. See
81A C.J.S. States § 174 (1977) and Monaghan v. Davis,16 Ark. App. 258, 700 S.W.2d 375 (1985). The general rule under which third persons may sue on a contract is that there must first be an intention by the promisee to secure some benefit to the third party and some privity between the two, i.e., the promisee and the party to be benefited, and some obligation or duty owing from the former which would give such third party a legal or equitable claim to the benefit of the promise. Baldwin v. Neal, supra.
It has been stated that the third party beneficiary doctrine should be applied cautiously, and is restricted to cases "coming clearly within its compass." Carolus v. Arkansas Power LightCo., 164 Ark. 507, 512, 262 S.W. 330 (1924).
A conclusive response to your first question would require construction of the contract, a function that is ordinarily not within the province of an Attorney General opinion. Clearly, the Department, as a party, would have standing to enforce the contract. The limitations noted above with regard to sovereign immunity must be considered in connection with enforcement efforts by the private corporation. With regard, generally, to the third party beneficiary doctrine, it should be noted that it has been stated, in the context of municipal contracts, that "[i]t would be a decided novelty to hold that anyone contracting with a municipal corporation is liable to an action of contract, not only by the corporation, but by every citizen of the municipality." West v. Norcross, 190 Ark. 667, 671,80 S.W.2d 67 (1935) (citation omitted). The mere fact that the state is a contracting party would thus seem to be an insufficient basis for enforcement of a contract by individual state citizens.
The answer to your second question will probably depend upon the terms of the contract and/or the effect of the breach.[2] If, for instance, the contract contains, that is restates, a statutory or regulatory requirement that is not being met by virtue of the breach, a mandamus action may lie. Mandamus is used in some cases to require a state agency to perform an act which is an established, clear and specific legal right. See,e.g., Chandler v. Perry-Casa Public Schools, 286 Ark. 170,690 S.W.2d 349 (1985). It must be to enforce the performance of a legal right after it has been established, and not to establish a right. Wells v. Purcell, 267 Ark. 456, 592 S.W.2d 100 (1979). It will not lie to control a public official in a discretionary act, that is, there must be no discretion available to the ordered party to perform the act. Id.
With regard to the effect of a breach, an action may lie if injury results (again, sovereign immunity must be noted as to actions against the state), depending upon the particular terms of the contract and, specifically, whether it created an obligation to third persons or the public in general. Seegenerally Hogan v. Hill, 229 Ark. 758, 318 S.W.2d 580 (1958) and Ratzlaff v. Franz Foods, 250 Ark. 1003, 468 S.W.2d 239
(1971) (regarding failure to comply with regulations in a contract relative to public safety, when party who owes no obligation to third persons or the public in general by contract assumes an obligation to use due care toward such persons). Of course, an action for breach may be brought by one who has enforceable rights under the contract. As noted above, this will involve a question of fact.
With regard to your third question, consideration would have to be given to all of the particular facts and circumstances surrounding the "situation" before a definitive answer could be reached. While I cannot, through the opinions process, act as a factfinder, a review of the relevant general legal principles will hopefully offer some guidance.
The Arkansas Supreme Court has adhered to the position that the law with respect to standing is not to be narrowly or restrictively interpreted. Potter v. First National Bank,292 Ark. 74, 728 S.W.2d 167 (1987), citing Wisconsin EnvironmentDecade, Inc. v. Public Service Commission, 69 Wis.2d 1,230 N.W.2d 243 (1975) and 67A C.J.S. Parties § 12. The court inPotter, supra, quoted the following language from a Wyoming case: "Standing is not a rigid and dogmatic rule, but one to be applied with some view of the realities and practicalities of the situation." 292 Ark. at 78, citing Washakie County SchoolDistrict v. Herschler, 606 P.2d 310 (S.C. of Wyo. 1980).
Apart from questions surrounding enforcement of a contract (addressed above), a statute or regulation may give rise to a legally recognized interest that is sufficient to confer standing on individuals to question compliance with the law's provisions. It has been stated, generally, that a party has standing when he can allege an injury within an area of concern of the statutory or regulatory scheme under which the injurious action has occurred. See Mass. Assoc. of Indep. Ins. Agents Brokers,Inc. v. Commissioner of Ins., 373 Mass. 290, 367 N.E.2d 796
(1977). In order for an individual to invoke the judicial power to determine the validity of executive action, he ordinarily must show that he has sustained or is imminently in danger of sustaining direct injury as a result of the action. Seegenerally Bykofsky v. Borough of Middletown, 389 F.Supp. 836
(M.D. Pa. 1975).
The "Wisconsin rule" of standing, discussed in WisconsinEnvironmental Decade, Inc., supra, envisions a two-step analysis, as follows:
 The first step . . . is to ascertain whether the decision of the agency directly causes injury to the interest of the petitioner. The second step is to determine whether the interest asserted is recognized by law.
230 N.W.2d at 248.
A general interest in seeing that the laws are properly executed would not appear to form a sufficient basis for standing under this test. Rather, there must be an allegation of injury resulting from agency action. The alleged injury can, however, according to the Wisconsin court, be remote in time or can be one which will only occur as an end result of a sequence of events set in motion by the challenged agency action, and still be a sufficiently direct result of the agency's decision to serve as a basis for standing. Id. at 250. The question of whether the injury alleged will in fact result from the agency action is a question to be determined on the merits. Id.
I believe that your fourth question, involving the private individual's right to bring a cause of action against the agency or corporation, is addressed in the above responses.
Your final question, involving the authority of this office to bring a cause of action, cannot be answered with a simple "yes" or "no." I assume that by referring to "such circumstances," you mean a situation where a contract between a state agency and a private corporation has been breached. Consideration would have to be given to all of the facts and circumstances, including any applicable statutory mandates surrounding the contract before a determination could be made in this regard. As a general matter, however, the mere fact that a state agency is one of the contracting parties does not, in my opinion, preclude an action by the Attorney General. See generally State v. MississippiPublic Service Commission, 418 So.2d 779 (Miss. 1982); Humphreyv. McClaren, 402 N.W.2d 535 (Minn. 1987); ConnecticutCommission on Special Reserve v. Connecticut Freedom ofInformation Commission, 174 Conn. 308, 387 A.2d 533 (1978);Sanderson, et al. v. Blue Cross and Blue Shield of Alabama,570 So.2d 675 (S.Ct. Ala. 1990).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The "real party in interest" is generally held to be "the person who can discharge the claim upon which the action is brought" and not necessarily the party who is "ultimately entitled to the benefit of the recovery." ARCP 17 (Reporter's Notes).
[2] If the state is the party alleged to have breached the contract, sovereign immunity considerations will apply.