McCulla *v.* Brown.

Opinion delivered January 28, 1929.

1012

1014

*G. L. Grant* and *Starbird & Starbird,* for appellant.
*W. H. Neal* and *C. M. Wofford,* for appellee.

Kirby, J., (after stating the facts). It is insisted that the circuit court erred in transferring the cause to equity, and likewise that the chancellor erred in not remanding to law, and also in sustaining the demurrer to the complaint. The relief sought was purely legal, an action for damages upon the statute allowing the injured party double damages for violation thereof. *Rinehart & Gore* v. *Rowland,* 139 Ark. 90, 213 S. W. 17. There was no ground for equitable relief alleged in the complaint nor in the defenses set up in the answer, consisting of specific denials of the allegations contained in the complaint.

The second alleged defense, that the order of the probate court directing the guardian to invest the minor's funds in real estate was null and void, constituted no defense for appellee Brown, if the order was void, the deed conveying the lands from Brown to Nettie M. McCulla was not affected by the invalidity of such order, so far as Brown was concerned, and certainly a deed from her to appellant conveyed the title to the lands, regardless of his infancy and the fact that the deed was not recorded, as was directed should be done. Tiedeman on Real Property, § 561; 3 Washburn, Real Property, 591.

The third ground of defense alleged that the minor's guardian had never made a final settlement with the probate court of the estate, and that no suit had been brought against the guardian and her bondsmen to determine their liability, and that the bondsmen should have been made parties to the suit and an accounting had, pleading same as a complete bar to the suit. The liability

of Brown, under the facts alleged in the complaint, if he was liable at all, was without regard to any liability of the guardian and her bondsmen. A tort-feasor cannot allege the liability of another as justification for his act nor for the purpose of contribution, each being jointly and severally liable for the tort, plaintiff having the right to join them all in his suit for damages for the injury or to sue them separately. *Myers* v. *Linebarger*, 134 Ark. 231, 203 S. W. 580; *Coats* v. *Milner*, 134 Ark. 311, 203 S. W. 701.

The bondsmen would have been liable only, in any event, *ex contractu*, while the liability of Brown was *ex delicto* for a tort, and they could not have been held for an accounting to appellee in the same action where appellee was held liable for the tort, and the plaintiff could sue either of the tort-feasors without joining the others, notwithstanding he was entitled to but one satisfaction. C. & M. Digest, § 1076.

The allegation that the final purchasers of the land were guilty of the same kind of offense charged to Brown did not constitute their action a part of the transaction for which it was alleged he was liable, and could have constituted no defense to the suit against Brown.

It follows that error was committed in transferring the cause to equity and also in not remanding it to the court of law. The chancellor likewise erred in sustaining the demurrer and dismissing the complaint after allowing the answer to be withdrawn. The allegations of the complaint were sufficient to constitute a cause of action under the sections of the statute, and the special demurrers were not well taken.

It appears, however, that, after part of the evidence had been heard, the cause was continued, and the sureties upon the guardian's bond were ordered to be made parties to the action, and summons issued against them, and, the plaintiff refusing to amend his complaint to allege a cause of action against the new parties, the court sustained the demurrer and dismissed the complaint. Plaintiff had the right to select the defendants in this

litigation against whom he would proceed, and if the court, at the instance of the party sued, decided that the cause could not be finally determined without joining these other parties, it could not require the plaintiff to proceed against them in any event, even though it held that they should be made parties in order to protect the defendant in any right the court thought him entitled to in the final determination of the cause. The court erred in sustaining the demurrer and dismissing the complaint.

The decree is accordingly reversed, and the cause remanded with directions to remand it to the circuit court for all further proceedings in accordance with law and not inconsistent with this opinion. It is so ordered.