KORNEGAY *v.* AUTEN, JUDGE, ON EXCHANGE
and
MELTON, ADMINISTRATOR *v.* AUTEN, JUDGE, ON EXCHANGE.

Nos. 4-6593 and 4-6608 (consolidated)

Opinion delivered February 2, 1942.

Prohibition to Lonoke Circuit Court in No. 4-6593, Prohibition to Monroe Circuit Court in No. 4-6608; *Lawrence C. Auten*, Judge on Exchange; writ denied.

*Robt. S. McGregor* and *W. W. Sharp*, attorneys for petitioner in No. 4-6593 and for respondent in No. 4-6608.

*W. P. Beard* and *Walls & Walls*, attorneys for petitioners in No. 4-6608 and for respondents in No. 4-6593.

HUMPHREYS, J.  On April 19, 1941, four or five miles east of Lonoke, in Lonoke county, there was a collision between an automobile owned and operated by John W. Kornegay and an automobile owned by the estate of S. S. Glover, which was being driven by Sam Booker Glover, which resulted in the death of Sam Booker Glover and serious injuries to all of the occupants of the Kornegay automobile.

Joe P. Melton was appointed administrator of the estate of Sam Booker Glover, deceased, in Lonoke county where Sam Booker Glover lived prior to his death. On the 21st day of May, 1941, said administrator brought suit in the circuit court of Lonoke county for damages on behalf of the widow and the estate against John W. Kornegay for the alleged negligent killing of Sam Booker Glover, deceased, and obtained service on John W.

Kornegay in Monroe county. On May 26, 1941, John W. Kornegay brought suit in the circuit court of Monroe county, where he lived at the time of the collision, against Joe P. Melton, administrator of the estate of Sam Booker Glover, deceased, and Albert Glover, the executor of the estate of S. S. Glover, for the injury he received through the alleged negligence of Sam Booker Glover in operating the automobile of the estate of S. S. Glover, deceased, and obtained service on them in Lonoke county.

On the 17th day of June, 1941, separate suits were simultaneously filed in the circuit court of Monroe county against Joe P. Melton, administrator of the estate of Sam Booker Glover, deceased, and Albert Glover, executor under the last will and testament of S. S. Glover, deceased, by John G. Roberts, Dollie K. Roberts, Constance Torry, by her father and next friend Harry Torry, and Mrs. J. W. Kornegay, and Maxine Kornegay, by her mother and next friend, Mrs. J. W. Kornegay.

Summonses were issued out of the circuit court of Monroe county on the several complaints on the 17th day of June, 1941, and were served in each of the five causes in Lonoke county on the 20th day of January, 1941.

All these causes were pending in the circuit court of Monroe county, except the case of *Joe P. Melton, administrator of the estate of Sam Booker Glover, deceased,* v. *John W. Kornegay,* which was pending in the Lonoke circuit court at the time Judge Lawrence C. Auten, circuit judge on exchange, was presiding over the circuit court of Lonoke county.

John W. Kornegay filed a motion in the Lonoke circuit court praying that the case of Joe P. Melton as administrator of the estate of Sam Booker Glover, deceased, against him be transferred to Monroe circuit court and consolidated with the case he brought against Joe P. Melton, as administrator of the estate of Sam Booker Glover, deceased, and Albert Glover, executor under the last will and testament of S. S. Glover, deceased. To this motion he attached *ex parte* affidavits of all eye witnesses that he knew of, relating to the facts in connection with the collision, which showed that the

collision was caused by the negligent acts of Sam Booker Glover. It was alleged in the motion that upon the *prima facie* showing that he was injured by the negligent acts of said Sam Booker Glover gave him the right, under act 314 of the acts of the General Assembly of 1939, to decide whether he would have the case tried in the county of his residence or where the collision occurred, and having chosen to file his case in the county of his residence, the court should transfer the case brought by Joe P. Melton as administrator of the estate of Sam Booker Glover against him in Lonoke county and consolidate it with the case he brought in Monroe county against Joe P. Melton as administrator of the estate of Sam Booker Glover and Albert Glover, executor of the estate of S. S. Glover.

Judge Lawrence C. Auten, circuit judge on exchange, overruled the motion whereupon John W. Kornegay has applied to this court for a writ of prohibition to prevent the Lonoke circuit court from trying this case, which is No. 6593.

On July 29, 1941, Joe P. Melton as administrator of the estate of Sam Booker Glover, deceased, and Albert Glover as executor under the last will and testament of S. S. Glover, deceased, filed a motion before Judge Lawrence C. Auten, circuit judge on exchange with W. J. Waggoner, to transfer the cases brought in Monroe circuit court by John G. Roberts, Dollie K. Roberts, Constance Torry, by her father as next friend, Harry Torry, Mrs. J. W. Kornegay, and Maxine Kornegay, by her mother as next friend, Mrs. J. W. Kornegay, on the ground that the case of *J. W. Kornegay* v. *Joe P. Melton, administrator, and Albert Glover, executor,* was pending in the Lonoke circuit court and had acquired jurisdiction over the subject matter thereof and upon the further ground that to transfer the five cases from the Monroe circuit court to the Lonoke circuit court would prevent a multiplicity of suits, stating that all the actions had grown out of the same collision in Lonoke county and the witnesses in all the cases would be practically the same persons. The motion was denied and overruled by Judge Lawrence C. Auten, circuit judge on exchange.

Whereupon Joe P. Melton as administrator of the estate of Sam Booker Glover, deceased, and Albert Glover as executor of the estate of S. S. Glover, deceased, filed a petition for prohibition in this court to prevent the trial of the five cases referred to above from being tried in the circuit court of Monroe county. This petition for prohibition was given No. 6608, and the two applications for prohibition have been consolidated here for the purposes of trial and determination.

Petitioner John W. Kornegay contends that act 314 of the acts of the General Assembly of 1939 gives him the right to determine the venue in the case because he attached some affidavits to his motion showing that he was not to blame for the collision. In other words, being an innocent injured person as a result of the collision, he had the superior right over Joe P. Melton, administrator, and Albert Glover, executor, to bring the suit either in the county where he lived or where the collision occurred.

Section 1 of said act reads as follows: "All actions for damages for personal injury or death by wrongful act shall be brought in the county where the accident occurred which caused the injury or death or in the county where the person injured or killed resided at the time of injury, and provided further that in all such actions service of summons may be had upon any party to such action, in addition to other methods now provided by law, by service of summons upon any agent who is a regular employee of such party, and on duty at the time of such service."

We find nothing in the act showing that the intention of the legislature was to give either one of two or more persons any priority over the other or others as to where the suit shall be brought. In the instant case, prior to the institution of the suit by *John W. Kornegay* v. *Joe P. Melton, administrator, and Albert Glover, executor,* the administrator brought suit in Lonoke county against John W. Kornegay alleging that Sam Booker Glover was killed through the negligence of John W. Kornegay. He had just as much right, under the act, to bring the suit in the county where the collision occurred ,and where the deceased at the time resided as did John W. Kornegay to

bring the action in his home county. Having equal rights to bring the suit in their respective home counties or in the county where the collision occurred, Joe P. Melton, administrator, brought the suit against John W. Kornegay in Lonoke county before John W. Kornegay brought suit against them in Monroe county. Of course, the court of the county in which the first suit was brought acquired jurisdiction over the subject-matter of the suit and the parties thereto. Since the Lonoke circuit court first acquired jurisdiction of the administrator's cause of action, and the collision occurred in Lonoke county, the court correctly ruled that the suit brought by *John W. Kornegay* v. *Joe P. Melton, administrator of the estate of Sam Booker Glover, deceased, and Albert Glover, executor under the last will and testament of S. S. Glover, deceased,* pending in the Monroe circuit court, the same is hereby transferred to the Lonoke circuit court and consolidated with the case of *Joe P. Melton, administrator of the estate of Sam Booker Glover, deceased, and Jewel Glover, widow of Sam Booker Glover, deceased,* v. *John W. Kornegay,* and in directing the clerk of the Monroe county circuit court to send all papers to the clerk of the Lonoke county circuit court.

Turning to the five cases which were brought against Joe P. Melton, administrator of the estate of Sam Booker Glover, and Albert Glover, executor of the estate of S. S. Glover, by John G. Roberts, Dollie K. Roberts, Constance Torry, by her father and next friend, Harry Torry, and Mrs. J. W. Kornegay, and Maxine Kornegay, by her mother and next friend, Mrs. J. W. Kornegay, the facts reflect that each brought his case in his home county, or Monroe county, where each had the right to bring it, under act 314 of the acts of the General Assembly of 1939, so the court was correct in overruling the motion of Joe P. Melton, administrator, and Albert Glover, executor, to transfer those cases to the Lonoke circuit court and consolidate them with the case of Joe P. Melton, administrator of the estate of Sam Booker Glover, deceased, against John W. Kornegay, pending in the Lonoke circuit court. The Lonoke circuit court had not acquired any jurisdiction over the subject matter of the

litigation of the parties in the suits brought by the several parties injured.

The court, therefore, correctly refused to transfer the five cases from the circuit court of Monroe county to the circuit court of Lonoke county and consolidate same with the case of *Joe P. Melton, administrator,* v. *John W. Kornegay,* which was pending in the Lonoke circuit court. The petition for prohibition in case No. 6593 and the petition in case No. 6608, which cases have been consolidated in this court for the purpose of trial, are denied.