HOME ICE COMPANY *v.* BONE, JUDGE.

4-6829                                              162 S. W. 2d 563

Opinion delivered June 8, 1942.

*House, Moses & Holmes,* for petitioner.

*Dean R. Lindsey,* for respondent.

MEHAFFY, J.    On October 22, 1941, Dr. L. T. Evans was driving on East Ninth Street, Little Rock, Arkansas, and L. A. Galloway was driving a Home Ice Company truck, when the two collided. Galloway, driver of the ice truck, brought suit in the Pulaski circuit court against Dr. L. T. Evans for injury and damages, which he alleged he received in the collision above mentioned, for the sum of $1,700. Two hundred dollars was alleged to be the damage to the truck and $1,500 for personal injury.

Thereafter Dr. L. T. Evans, a citizen of Independence county, brought suit in the Independence circuit court against the Home Ice Company for $5,250. The Home Ice Company, without entering its appearance for any other purpose, moved the court to dismiss the plaintiff's complaint for want of jurisdiction. It was alleged in said motion: "This suit arises out of an accident involving plaintiff's automobile which occurred on or about October 22, 1941, at the intersection of Ninth and Cumberland Streets in the city of Little Rock, Pulaski county, Arkansas. The automobile of the plaintiff was being driven by the plaintiff, and a truck, which was also involved in the accident, was driven by a man by the name of L. A. Galloway, who is a resident of Pulaski county, Arkansas."

The circuit court of Independence county overruled the motion to dismiss, to which ruling and judgment of the court the Home Ice Company excepted and asked that its exceptions be noted of record, which was done.

Thereafter the petitioner, Home Ice Company, a corporation, filed its petition in this court for a writ of prohibition against the Independence circuit court, Honorable S. M. Bone, Judge.

The suit brought by Galloway against Evans in the Pulaski circuit court is simply a suit between Galloway and Evans. The Home Ice Company was not a party and was not even mentioned in the suit. Galloway claims that he owns the truck and sues, not only for personal injury,

but damage to the truck. The suit by Evans in Independence county is a suit against the Home Ice Company, alleging that its truck was involved in the accident and that Galloway was its employe.

The petitioner, in his brief and argument, first calls attention to 39 C. J. 1313, § 1514, which is a statement of the law involving the question of the liability between the master and servant. It is stated that a servant is liable to his master for damages which the master has been compelled to pay to third persons because of the negligence or other wrongful act of the servant. No such question arises in this case, and no authorities mentioned or discussed by the petitioner, except the case of *Kornegay* v. *Auten, Judge*, and *Melton, Admr.*, v. *Auten, Judge*, 203 Ark. 687, 158 S. W. 2d 473.

After a very careful study of the questions involved in this case and the questions in the Kornegay case, we are of opinion that the Kornegay case is controlling in this case. Every question raised here was raised and decided in that case. It was, however, contended in that case by Kornegay, in his petition for prohibition that act 314 of the Acts of the General Assembly of 1939 gives him the right to determine the venue in the case because he attached some affidavits to his motion showing that he was not to blame for the collision. In other words, being an innocent injured person as a result of the collision, he had the superior right over Joe Melton, Administrator, and Albert Glover, Executor, to bring the suit in the county where he lived or where the collision occurred. The court then copies § 1 of the act, which is as follows:

"All actions for damages for personal injury or death by wrongful act shall be brought in the county where the accident occurred which caused the injury or death or in the county where the person injured or killed resided at the time of injury, and provided further that in all such actions service of summons may be had upon any party to such action, in addition to other methods now provided by law, by service of summons upon any agent who is a regular employee of such party, and on duty at the time of such service."

After copying the above section of the act the court said: "We find nothing in the act showing that the intention of the legislature was to give either one of two or more persons any priority over the other or others as to where the suit shall be brought. In the instant case, prior to the institution of the suit by *John W. Kornegay v. Joe P. Melton, administrator, and Albert Glover, executor,* the administrator brought suit in Lonoke county against John W. Kornegay alleging that Sam Booker Glover was killed through the negligence of John W. Kornegay. He had just as much right, under the act, to bring the suit in the county where the collision occurred and where the deceased at the time resided as did John W. Kornegay to bring the action in his home county. Having equal rights to bring the suit in their respective home counties or in the county where the collision occurred, Joe P. Melton, administrator, brought the suit against John W. Kornegay in Lonoke county before John W. Kornegay brought suit against them in Monroe county. Of course, the county in which the first suit was brought acquired jurisdiction over the subject matter of the suit and the parties thereto."

The same questions were involved in that case as are in this case, and they were there decided adversely to the contention of the petitioner. Of course, the court in the Galloway case had jurisdiction of the parties and the subject matter of that particular suit. The parties, however, as we have already said, were Galloway and Evans and the Ice Company was not even mentioned.

If the theory of the petitioner were correct, then every time there was an accident and injury caused by the negligence of a servant of one of the parties, that servant could immediately bring suit against the injured party in the county where the master or corporation resided, and absolutely prevent the other party from suing, where the act expressly says he may sue. In other words, the master could, if he desired, have his servant bring suit in the county where the master was located and prevent the injured party from suing in his own county, but compel him to bring suit in the county of the master's

residence. The legislature certainly did not intend that the law should be annulled in this way. We think the intention of the legislature was that suit might be brought either in the county where the injury occurred or where the injured party resided at the time of the accident.

Since we have concluded that this case is ruled by the Kornegay case, *supra,* there is no reason why a suit by one party should compel the defendant in that suit to bring his suit against another party in the same jurisdiction; in other words, permit the master always to determine where the suit might be brought. However, we think that as this case is controlled by the Kornegay case, the writ should be denied. It is so ordered.

SMITH, McHANEY, and HOLT, JJ., dissent.