SIMS *v.* TOLER, JUDGE.

4-8746                                    217 S. W. 2d 928

Opinion delivered February 28, 1949.

*Gerland P. Patten,* for petitioner.

*Coffelt & McDonald, Bridges, Bridges, Young & Gregory* and *John Harris Jones,* for respondent.

HOLT, J.    June 6, 1948, a collision occurred in Saline county on Highway No. 167, between Little Rock and Sheridan, involving an automobile owned and driven by Charles Perry, a resident of Grant county, and a car owned and operated by G. D. Malone, a resident of Conway county.    Petitioner, John A. Sims, also a resident of Conway county, was riding in the car with Malone.

On June 9, 1948, Perry filed suit against Malone in the Grant Circuit Court and summons was issued on the same day and served on June 11th.    Petitioner, Sims, was not made a party to this suit.    Thereafter, on June 23rd, Perry amended his complaint, naming Sims as a party defendant, and summons was served on Sims July 28th.    On June 18, 1948, prior to the amendment to Perry's complaint, Sims and Malone sued Perry in Conway

county, and summons was issued, and served on Perry June 21st.

On July 14th, Sims and Malone filed separate motions in the Grant Circuit Court, praying for the dismissal of the suit against them in that court, or in the alternative, that the actions be transferred to the Conway Circuit Court, to be consolidated with the suit, *supra,* filed there by Sims and Malone.

August 9, 1948, the Grant Circuit Court denied both motions, whereupon, petitioner, Sims, comes to this court with his petition, alleging, among other things, "that under the laws of the State of Arkansas the venue of the cause of action of John A. Sims against Charles Perry, and of Charles Perry against John A. Sims, was in the Court which first acquired jurisdiction of the subject matters and the parties," and praying for a Writ of Prohibition to prevent the Hon. Thos. E. Toler, Sr., presiding judge, from hearing the cause of action of Perry against Sims and Malone.

The trial court erred in denying petitioner, Sims, the relief prayed. Substantially, the same question presented was decided by this court in favor of petitioners' contention in the case of *Kornegay* v. *Auten, Judge, on Exchange,* 203 Ark. 687, 158 S. W. 2d 473. In that case, there was a collision between two automobiles in Lonoke county. One of the cars was owned and driven by Kornegay and the other, owned by the estate of S. S. Glover, was driven by Sam Booker Glover, who was killed in the mishap. Glover was alone in his car, but there were several occupants of the Kornegay car, all of whom were injured. The administrator of the Sam Booker Glover estate sued Kornegay in Lonoke county, on behalf of the estate, the widow and next of kin, and summons was served on him in Monroe county, his residence. Five days thereafter, Kornegay brought suit in Monroe county against the administrator of the Sam Booker Glover estate and the estate of S. S. Glover, which owned the automobile, and obtained service in Lonoke county. About three weeks later, the occupants of the Kornegay car, all residents of Monroe county, brought separate

actions in Monroe county against the administrator of Sam Booker Glover and the executor of the estate which owned the automobile Sam Booker Glover was driving, and service was had on the defendants in Lonoke county.

The Monroe county plaintiffs filed motion in the Lonoke Circuit Court praying that the cases be transferred to Monroe county, and the Lonoke county plaintiffs filed motion in all of the Monroe county cases, praying that they be transferred to Lonoke county for trial. Petitions for Writs of Prohibition were filed in this case.

We there held that the administrator's suit against Kornegay in Lonoke county gave the Lonoke Circuit Court exclusive jurisdiction of the cause of action against Kornegay and that the action brought by Kornegay in Monroe county should be transferred to Lonoke county.

We also held that the suits of the occupants of the Kornegay car brought in Monroe county gave the Monroe Circuit Court jurisdiction of these causes of action which involved separate subject matters.

Act 314 of the Acts of the Legislature of 1939, our Venue Act, provides that ''all actions for damages for personal injury or death by wrongful act shall be brought in the county where the accident occurred which caused the injury or death or in the county where the person injured or killed resided at the time of injury.''

We said in the *Kornegay* v. *Auten* case, *supra*: ''We find nothing in the Act showing that the intention of the Legislature was to give either one of two or more persons any priority over the other or others as to where the suit shall be brought. . . . Having equal rights to bring the suit in their respective home counties or in the county where the collision occurred, Joe P. Melton, administrator, brought the suit against John W. Kornegay in Lonoke county before John W. Kornegay brought suit against them in Monroe county. Of course, the court of the county in which the first suit was brought acquired jurisdiction over the subject-matter of the suit and the parties thereto. Since the Lonoke Circuit Court first acquired jurisdiction of the administrator's cause of

action, and the collision occurred in Lonoke county, the court correctly ruled that the suit brought by John W. Kornegay . . . pending in the Monroe Circuit Court, the same is hereby transferred to the Lonoke Circuit Court. . . .

"Turning to the five cases which were brought against Joe P. Melton, administrator of the estate of Sam Booker Glover," and the executor of the estate of S. S. Glover by the occupants of the car of Kornegay, "the facts reflect that each brought his case in his home county, or Monroe county, where each had the right to bring it, under Act 314, . . . so the court was correct in overruling the motion" of the administrator and the executor.

"The Lonoke Circuit Court had not acquired any jurisdiction over the subject matter of the litigation of the parties in the suits brought by the several parties injured."

The cause of action in the present case between Perry and Malone presents subject-matter distinct and separate from the cause of action existing between Sims and Perry. When Sims filed his suit against Perry June 18, 1948, in Conway county, as was his right under the Venue Act, *supra,* there was no action pending against him by Perry in Grant county, or in any court. We hold, therefore, that in the circumstances, the Conway Circuit Court had acquired exclusive jurisdiction of the suit of Sims against Perry, and accordingly petitioner's prayer for Writ of Prohibition must be, and is, granted.

Justice GEORGE ROSE SMITH concurs.

GEORGE ROSE SMITH, J., concurring. By a different line of reasoning I reach the same result as the majority of the court. The *Kornegay* case held that the court first acquiring jurisdiction of the cause of action has the exclusive power to proceed to judgment. Here the question as I see it is whether the Grant Circuit Court, by virtue of Perry's suit against Malone, acquired jurisdiction of Perry's cause of action against Sims. If the liability of Malone and Sims were joint only, a serious

question would be presented. But they are charged as joint tortfeasors, and of course their liability as such is joint and several. Though Perry could obtain only one satisfaction, he had the option of suing Malone and Sims jointly or proceeding against them separately. *McCulla* v. *Brown,* 178 Ark. 1011, 13 S. W. 2d 314. The outcome of the Malone suit would not affect his claim against Sims. Rest., Judgments, § 94. It follows that Perry's cause of action against Sims was not involved in his suit against Malone alone, and hence the Conway Circuit Court first acquired jurisdiction of their controversy.