HEALEY & ROTH *v.* HUIE, JUDGE.

4-9766                                                                245 S. W. 2d 813

Opinion delivered February 11, 1952.

*Sherrill, Gentry & Bonner,* for petitioner.

*W. S. Atkins* and *Weisenberger & Wilson,* for respondent.

*Rose, Meek, House, Barron & Nash,* AMICUS CURIAE.

PER CURIAM.   We are asked to prohibit the Hempstead Circuit Court from proceeding in this cause because, as the petitioner asserts, that court is without jurisdiction.

A Healey & Roth ambulance was involved in a collision east of Hope on Highway 67, in consequence of which property damage was sustained and J. W. White, a pedestrian, was fatally injured.   Petitioner is a corpo-

ration with its principal place of business in Little Rock. The ambulance was driven by Robert G. Priebe, whose sustained personal injuries.

On August 28th, 1951, Priebe filed suit in Pulaski Circuit Court against the administratrix of White's estate. Summons issued at once and was received by a deputy sheriff for Hempstead county at 11:00 o'clock a. m., August 29th. It was served on the defendant the following day.

The administratrix of White's estate sued Healey & Roth in Hempstead county August 29th. Service was had upon the defendant in Pulaski county at 11:40 a. m., August 29th. It will thus be seen that the Healey & Roth suit, with Priebe as co-plaintiff, was filed a day earlier than the Hempstead county action, but the suit of the administratrix was a day early in point of service. The question is, Which court acquired jurisdiction to the exclusion of the other?

The issue was not determined in *Kornegay* v. *Auten, Judge,* 203 Ark. 687, 158 S. W. 2d 473, or in *Sims* v. *Toler, Judge,* 214 Ark. 732, 217 S. W. 2d 928. In each of these cases it was stated that the court first acquiring jurisdiction would retain it. Jurisdiction includes (1) subject-matter, and (2) service upon the defendant entity, unless the proceeding is *in rem,* or is one where personal judgment is not sought.

In a separate concurring opinion by one of the Judges who participated in the Kornegay decision, it was said that the court first acquiring jurisdiction of the cause of action had the exclusive power to proceed to judgment. Where a statute of limitation is involved its operation is tolled when suit is filed and when summons is issued and placed in the hands of an officer with instructions that it be served. *Matthews* v. *Warfield,* 201 Ark. 296, 144 S. W. 2d 22. But in such circumstances there is no race of diligence between persons contending for priority rights in different jurisdictions, and we are not persuaded that the Venue Act should be construed as the petitioner suggests.

In *Wasson, Bank Commissioner,* v. *Dodge, Chancellor,* 192 Ark. 728, 94 S. W. 2d 720, the jurisdiction of Pulaski Chancery Court was denied in favor of the Jefferson Chancery Court. A sentence in the opinion where the reason was discussed says that the Jefferson Chancery Court, ''having rightfully acquired jurisdiction over the necessary parties and subject-matter in the foreclosure proceeding, no other court of equal dignity or one having concurrent jurisdiction has a right to interfere.'' To the same effect is *Jones* v. *Garratt,* 199 Ark. 737, 135 S. W. 2d 859. In *Railway Company* v. *State,* 55 Ark. 200, 17 S. W. 806, jurisdiction was defined as ''the right to adjudicate concerning the subject-matter in given cases.'' Amplification was added in *Rankin* v. *Schofield,* 81 Ark. 440, 98 S. W. 674, when Judge BATTLE said in the court's opinion on rehearing: ''To constitute [jurisdiction] there are three·essentials: First, the court must have cognizance of the class of cases to which the one to be adjudicated belongs. Second, the proper parties must be present. And, third, the point decided must be, in substance and effect, within the issue.''

We agree with respondent in the statement that while venue may be in different counties, eventually jurisdiction must center in one, and it is completed when the issues have been sufficiently stated in appropriate pleadings in a court having jurisdiction of the subject-matter, and when the person or persons against whom judgment has been sought have been served with process or have entered an appearance.

Writ denied.

Mr. Justice ED. F. McFADDIN, Mr. Justice GEORGE ROSE SMITH, and Mr. Justice SAM ROBINSON did not participate in the consideration or determination of this petition.