DAVIS v. GOLDEN, JUDGE.

5-307                                          264 S. W. 2d 833

Opinion delivered February 15, 1954.

*Jay W. Dickey* and *Hendrix Rowell,* for petitioner.

*Max M. Smith,* for respondent.

GRIFFIN SMITH, Chief Justice. The question is whether Cleveland Circuit Court was without jurisdiction in respect of an action by J. H. and Neoma von Tunglen, whose 16-year-old son, Jimmy Dale, died from injuries received while riding (presumptively as a guest) in a delivery truck owned by Helen M. Davis and driven for her by J. W. Stringfellow. Ark. Stat's, § 27-610.

The mishap causing young Tunglen's injuries occurred in Cleveland County, where he lived with his parents. Helen Davis and Stringfellow reside in Jefferson County. In the Jefferson County suit it was alleged that an automobile driven by Lester Smith, also a resident of Cleveland County, was negligently maneuvered in such a manner as to be the proximate cause of Stringfellow's wreck and von Tunglen's injuries.

Under this conception of liability, Helen Davis and Stringfellow sued Smith in Jefferson County June 22, 1953, and procured service June 24th. Stringfellow's personal injury claim was for $25,000, while the owner of the truck asked $1,400 to compensate property damages. A complaint by the von Tunglens was filed June 27th, with Helen Davis, Stringfellow, and Smith as defendants. Service on the first two was procured in Jefferson County July 2nd. The petition for prohibition followed action of Cleveland Circuit Court in refusing to quash the service.

There is no contention that the action by Helen Davis and Stringfellow in Jefferson County should abate, and presumptively it will proceed to judgment. The sole issue is the right of J. H. and Neoma von Tunglen to maintain their suit in Cleveland County.

The decision in *Kornegay* v. *Auten, Judge,* 203 Ark. 687, 158 S. W. 2d 473, is decisive of the controversy. Construction of the Venue Act affected two distinct transactions. First, it was held that the court of the county in which the first suit was brought ac-

quired jurisdiction, the injury having occurred in that county and the decedent having resided there. But as to persons residing in Monroe County who were not included as defendants in the first action, their right to maintain the suit in Monroe County was unimpaired. See *Sims* v. *Toler, Judge,* 214 Ark. 732, 217 S. W. 2d 928.

Here the action brought by the von Tunglens was an independent cause, prosecuted in the county of their residence, in the county where the negligence is alleged to have occurred, and in the county where the decedent had lived. It is possible that inconsistent judgments may be rendered, but the lawmaking power has not seen fit to provide the remedy petitioners ask, hence the writ must be denied.