EVANS et al. v. THOMPSON.
Civ. A. No. 1129.

United States District Court
W. D. Arkansas, Fort Smith Division.

May 11, 1954.

Shaw, Jones & Shaw, Fort Smith, Ark., Wright, Harrison, Lindsey & Upton, Little Rock, Ark., for plaintiffs.

Harper, Harper & Young, Fort Smith, Ark., Mehaffy, Smith & Williams, Little Rock, Ark., for defendant.

JOHN E. MILLER, District Judge.

Plaintiffs filed this suit against defendant in the Circuit Court of Sebastian County, Fort Smith District, and obtained service of summons upon defendant on March 12, 1954. In their complaint plaintiffs alleged that they were citizens and residents of the State of Arkansas and were partners doing business under the firm style of S. E. Evans Company; that they were engaged, among other things, in the business of owning and operating heavy construction equipment and were the owners of a D8 tractor, cable control and trailer; that the defendant trustee was a citizen and resident of the State of Missouri, and as such trustee operated a line of railroad through the City of Jacksonville, Pulaski County, Arkansas.

"That on or about the 23rd day of November, 1953, at approximately 10:50 A. M. the defendant, by and through his agents, servants and employees, who, at the time, were acting within the scope of their employment by said defendant, carelessly and negligently operated the defendant's passenger train, No. 219, in a southerly direction in the City of Jacksonville, Pulaski County, Arkansas, causing the same to collide with the plaintiffs' truck and low-boy trailer loaded with said D8 tractor and cable control at a public railroad crossing in the City of Jacksonville, Arkansas; that the plaintiffs' truck and trailer loaded with said tractor was being operated in a careful and prudent manner in a westerly direction on a public street or highway crossing the defendant's railroad track, and the tractor portion of the unit was completely across the track when the trailer portion loaded with said tractor was struck by the defendant's train, causing damage to the plaintiffs' property as follows:" Then follow allegations of damages to plaintiffs' property and of negligence on the part of defendant's employees in the operation of the train.

The case was removed by the defendant to this Court on March 26, 1954, and on May 1, 1954, defendant filed its motion to dismiss plaintiffs' complaint, on the ground that he had previously instituted a suit against S. E. Evans, individually and doing business as S. E. Evans Company, in the Circuit Court of Pulaski County, Arkansas; that the Pulaski County suit involved the same subject matter as the instant suit; that the Pulaski Circuit Court had acquired exclusive jurisdiction of the subject matter; that the Sebastian Circuit Court had no jurisdiction of plaintiffs' instant suit, and that this Court acquired no jurisdiction of said suit upon removal.

The record discloses that on January 29, 1954, the defendant herein filed his complaint in the Circuit Court of Pulaski County, Arkansas, in which he named the following as defendants: "S. E. Evans, Individually and doing business as S. E. Evans Company; S. E. Evans, Incorporated, an Arkansas Corporation; D. B. Hill and S. E. Evans, as Joint Venturers." On January 30, 1954, summons was served on "S. E. Evans in person as an individual and S. E. Evans in person agent for service for the S. E. Evans Co. an Arkansas Corp. D. B. Hill and S. E. Evans as joint venturers." In that suit the plaintiff (defendant herein) alleged:

"The defendant, S. E. Evans, is a citizen and resident of Sebastian County, Arkansas, doing business individually and as S. E. Evans Company; the defendant S. E. Evans, Incorporated is an Arkansas corporation * * *; the defendant D. B. Hill is a citizen and resident of Pulaski County, Arkansas, and said D. B. Hill and said S. E. Evans, as Joint Venturers, are engaged in the performance of a contract with the United

States Government in Pulaski County, Arkansas.

"On November 23, 1953, at about 10:50 A.M., the defendants, by and through their agents, servants and employees, who at the time were acting within the scope of their employment by said defendants, negligently and carelessly drove defendants' Ford truck and lowboy trailer, loaded with a large caterpillar tractor, in a westerly direction into collision with plaintiff's southbound passenger Train No. 219, at a public railroad crossing in the City of Jacksonville, Pulaski County, Arkansas." Then follow allegations of negligence on the part of defendants' employees and damages sustained by plaintiff (defendant herein).

At the outset it may be noted that there are two matters about which there is and can be no dispute. (1) If the Circuit Court of Sebastian County had no jurisdiction of the instant suit, this Court can acquire none upon removal. Mayner v. Utah Const. Co., D.C.Ark., 108 F.Supp. 532, and authorities cited therein. (2) Under the Arkansas law, when the venue may be laid in more than one county, as is true in this case, the court wherein suit is first filed and summons is first served acquires exclusive jurisdiction. Healey & Roth v. Huie, Judge, 220 Ark. 16, 245 S.W.2d 813; Sims v. Toler, Judge, 214 Ark. 732, 217 S.W.2d 928.

Although plaintiffs apparently admit that the subject matter of the two suits is the same, the Court feels that some discussion upon this point is warranted in view of statements in two Arkansas decisions. In Kornegay v. Auten, Judge, on Exchange, 203 Ark. 687, 158 S.W.2d 473, 476, the Court held that a suit in the Lonoke Circuit Court by plaintiff against the driver of an automobile in which several passengers were riding at the time of the collision, said passengers not being made parties defendant in that suit, did not give the Lonoke Circuit Court "jurisdiction over the subject matter of the litigation of the parties in the suits brought by the several parties [said passengers] injured", and that the passengers were free to prosecute their suits in the Monroe Circuit Court against the party who was the plaintiff in the Lonoke Circuit Court action. Likewise, in Sims v. Toler, Judge, supra [214 Ark. 732, 217 S.W.2d 930], the Court held that "The cause of action in the present case [automobile collision] between Perry [driver of one automobile] and Malone (driver of the other automobile) presents subject-matter distinct and separate from the cause of action existing between Sims [passenger in Malone's automobile] and Perry."

"Subject matter," as that term is used by the Arkansas Supreme Court, seemingly refers both to the transaction or occurrence involved, and to the cause or causes of action arising therefrom. Thus, in the Sims and Kornegay cases the Court held that, even though the same accident or occurrence were involved, the cause of action by or against a passenger is separate subject matter from the cause of action by or against the driver of the automobile. The reason for such a holding, while not discussed fully, is indicated in the concurring opinion of Justice George Rose Smith in the Sims case, supra, wherein it is noted that the outcome of Perry's suit against Malone would not affect Perry's claim against Sims, who was a passenger in Malone's automobile. In other words, the right to recover or liability on the part of a passenger is not dependent upon the right to recover or liability on the part of the driver. The driver of an automobile may be guilty of contributory negligence, thus precluding recovery of damages by him, while his passenger is free from contributory negligence and, in the absence of a joint venture, may recover damages from the negligent driver of the other automobile. Likewise, in rare instances a passenger in an automobile may be guilty of negligence and liable for damages, while the driver of said automobile is not guilty of negligence and not liable for damages. Thus, in view of the separate and distinct character of the two types or

causes of action, neither being dependent upon the other, the Arkansas Supreme Court concluded that the two causes of action involved separate subject matter and need not be litigated in the same lawsuit.

■ In the instant case, however, there are no separate and distinct causes of action. The liability of S. E. Evans, if any, is a partnership liability, and the interest of each of the other partners is identical with the interest of Evans. If he is liable, they are liable; if he is entitled to recover, they are entitled to recover. Stated differently, in the instant case not only is the same occurrence involved in the two suits, but also the interests of the parties are identical. Consequently, precisely the same subject matter is involved in both suits.

As heretofore stated, plaintiffs apparently concede that the same subject matter is involved in the two suits, but they contend that their liability, if any, is joint, not joint and several, and that the Pulaski suit would be subject to dismissal for lack of proper parties defendant upon a showing that S. E. Evans was one of several partners who were jointly liable for the actions of their employees. This contention of plaintiffs is based upon Section 65–115, Ark.Stats. 1947 Annotated, Uniform Partnership Act, which provides:

"All partners are liable, (a) Jointly and severally for everything chargeable to the partnership under sections 13 and 14 (§§ 65–113, 65–114). (b) Jointly for all other debts and obligations of the partnership * * *."

Plaintiffs argue that "The cause of action alleged by the defendant in his Pulaski County action is in tort for the alleged negligence of an employee. This type of liability is not covered in Sections 13 and 14 referred to in the Statute above quoted, therefore subsection (b) of the Statute makes the partners' liability joint and not joint and several." It is true that Section 14, § 65–114, is inapplicable, but it is equally true that

Section 13, § 65–113, does apply. Section 65–113 provides:

"Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his co-partners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or ommiting (omitting) to act."

■■ It has long been the rule at common law that the liability of partners in tort is joint *and* several. Weaver v. Marcus, 4 Cir., 165 F.2d 862, 865, 175 A.L.R. 1305; Covington, Partnership Liability as Joint or Joint and Several in Arkansas, 1 Ark.Law Review, 108. See also, Doggrell v. Great Southern Box Co., Inc., of Mississippi, 6 Cir., 206 F.2d 671, 679; rehearing granted and case reversed on other grounds in 6 Cir., 208 F.2d 310; Coats v. Milner, 134 Ark. 311, 203 S.W. 701. And, the Court agrees with the statement of Judge Dobie in Weaver v. Marcus, supra, 165 F.2d at page 865, that "Though the language of the Uniform Partnership Act is a bit inept, we do not believe this language indicates any intention to change the common law doctrine * * *." See also, Brown v. Ingraham, D.C.Pa., 11 F.R.D. 522, 525; Annotation, 175 A.L.R. 1310, 1316–1317. The liability of the partners herein being joint and several, plaintiff (defendant herein) was free in his Pulaski action to sue one or more of the partners at his election, and his failure to sue all the partners did not result in the omission of necessary parties.

■ Therefore, the Pulaski Circuit Court had jurisdiction, i. e., the Court had cognizance of the class of cases to which the one to be adjudicated belonged, the proper parties were present, and the point to be decided would be, in substance and effect, within the issue. Healey & Roth v. Huie, Judge, supra, at page 18 of 220 Ark. at page 814 of 245 S.W.2d. Also the Court on the same page said:

"We agree with respondent in the statement that while venue may be in different counties, eventually jurisdiction must center in one, and it is completed when the issues have been sufficiently stated in appropriate pleadings in a court having jurisdiction of the subject-matter, and when the person or persons against whom judgment has been sought have been served with process or have entered an appearance."

Plaintiffs seek to avoid the exclusive jurisdiction rule by contending that all partners must join as parties plaintiff to assert a cause of action for damage to partnership property, and that, since all the partners were not parties to the Pulaski suit, their claim against plaintiff in that suit is not a compulsory counterclaim. The Court agrees that in an action to recover damages to partnership property all partners are necessary parties plaintiff. See, Sections 27–801 and 27–808, Ark.Stats.1947, Annotated; Ingham Lumber Company v. Ingersoll, 93 Ark. 447, 125 S.W. 139; Leola Lumber Company v. Bozarth, 91 Ark. 10, 120 S.W. 152; Coleman v. Fisher, 67 Ark. 27, 53 S.W. 671. The Court does not agree, however, that this prevents the claim of S. E. Evans against plaintiff in the Pulaski suit from being a compulsory counterclaim under Section 27–1121, Ark.Stats.1947, Annotated.

To begin with, the fact that the complaint in the Pulaski action was styled and service was had upon "S. E. Evans, Individually and doing business as S. E. Evans Company," is immaterial. Under the liberal amendment rules followed by the Arkansas Courts, both the complaint and the summons could be amended, if necessary, to show that S. E. Evans was a member of a partnership doing business as S. E. Evans Company.

Section 27–1160, Ark.Stats.1947, Annotated; Taylor v. Magnolia Pipe Line Co., D.C.Ark., 100 F.Supp. 457. Nor is the fact that all the partners must join in the counterclaim material, because S. E. Evans has the right, by virtue of Section 27–808, Ark.Stats.1947 Annotated,[1] to bring his co-partners into the case, either as parties plaintiff or parties defendant. W. D. Reeves Lumber Company v. Davis, 124 Ark. 143, 187 S.W. 171; Ingham Lumber Company v. Ingersoll, supra. An analogous situation was before the Court in Morgan v. Rankin, 197 Ark. 119, 122 S.W.2d 555, 119 A.L.R. 1466. In that case a collision occurred between a truck owned by Cudahy Packing Company and being driven by J. E. Morgan, and an automobile driven by L. H. Rankin. Rankin was killed in the accident and his widow, Annie J. Rankin, qualified as administratrix of his estate and was sued in that capacity by Morgan for damages he sustained in the accident. She answered, alleging contributory negligence on the part of Morgan, but did not file a cross-complaint or counterclaim. Morgan obtained a judgment, and while an appeal was pending and Mrs. Rankin was still administratrix of her husband's estate, she filed suit as widow against both Morgan and his employer to recover damages occasioned by loss of contributions. Defendants filed a demurrer to her complaint, and she took a nonsuit. Then, after she was discharged as administratrix, she again filed suit against defendants based upon the same cause of action. The Court, beginning at page 123 of 197 Ark., at page 557 of 122 S.W.2d, said:

"It is true Morgan's employer was not a party to that suit, but it could have been made a party, as was done in this case. Morgan was, of course, a party, being the plaintiff in that action, and if there is any liability on the part of the Cudahy Packing

[1.] The Section provides: "Of the parties to the action, those who are united in interest, must be joined as plaintiffs or defendants but when, for any cause, it may be necessary, for the purpose of justice, a person who shall have been joined as plaintiff may be made a defendant, the reason therefor being stated in the complaint." Evidently an error was made in the printing of this Statute; the word "shall" in the Statute ought to be "should." See, Crawford and Moses Digest, § 1097; Pope's Digest, § 1313.

Company, Morgan's employer, it is under the doctrine of respondeat superior, but Morgan's liability was primary and personal. The Cudahy Packing Company could not be held liable unless Morgan was negligent. It was alleged in the answer of the administratrix that Morgan was negligent, and that his negligence caused or contributed to the collision, resulting in his injury and in Rankin's death, and that was the issue tried in the former case.

"It is true the administratrix made this allegation for the purpose of defeating a recovery against the estate of which she was the administratrix, and not for the purpose of recovering damages on account of the death of her intestate. But, under the facts stated, we think she did not have the right to split the action into its several parts. Morgan's employer could have been made a party had the administratrix desired to do so, but without the Cudahy Company being a party, other parties were before the court who had the right to litigate the question of liability for the collision. The widow, as administratrix, had the right to represent, not only herself and the estate of her intestate, but all 'heirs-at-law,' and to recover any damages accruing. * * *

"The widow, as administratrix of her husband's estate, had the right, and, we think, was under the duty, of litigating, in the suit against her as administratrix, all the questions which she raised in the suit later brought for her personal benefit.

"If one participant in an automobile collision may, when sued by the other, waive the right to assert his own damages as a result of the collision and later sue for such damages in a separate suit, we may reasonably expect two suits in many of such cases, and a more prolific and profitable field of litigation will be opened up than existed in the case of suits by guests against their hosts, before

the passage of our Guest Statute on that subject."

See also, Schott v. Colonial Baking Co., D.C.Ark., 111 F.Supp. 13, 18.

While it is true that the Court in the Morgan case was considering an action brought under the Death Statute, Lord Campbell's Act, nevertheless the same rule applies in ordinary negligence cases. In Shrieves v. Yarbrough, 220 Ark. 256, at page 258, 247 S.W.2d 193, at page 194, the Court said:

"The case of Morgan v. Rankin, supra, * * * clearly indicates that the effect of the said Act [counterclaim statute] is to require that all claims of the parties, arising out of the same traffic mishap, should be litigated in one action."

In the Pulaski suit S. E. Evans has the right to and does represent the interests of his co-partners. Perhaps the most concrete example of this fact is that if Evans were to obtain a judgment in his favor in the Pulaski action, that judgment would be res judicata and would prevent plaintiff in that case from proceeding against Evans' partners in another suit. Thus, the partners (plaintiffs herein), if permitted to prosecute the instant suit, would be in the same position appellant was in Shrieves v. Yarbrough, supra, i. e., in a position to accept the benefits but none of the disadvantages of the Pulaski action. Should Evans prevail in that suit, the judgment would be res judicata and would extinguish defendant's right in the instant suit to file a counterclaim against the other partners. Nonetheless, plaintiffs desire to maintain the instant suit, the effect of which would be to require two lawsuits where one would suffice. The Court, for the reasons heretofore stated, has concluded that plaintiffs cannot accomplish this purpose.

An additional point may be mentioned concerning the jurisdiction of the Sebastian Circuit Court. In the Pulaski suit plaintiff was entitled to proceed against S. E. Evans without making his partners parties defendant. Un-

doubtedly Evans, being a party, must litigate his rights in that suit and cannot bring a separate action covering the same subject matter. Therefore, Evans cannot properly be made a party plaintiff in the instant suit and, since all the partners must be joined as plaintiffs, a defect in parties plaintiff exists. But, regardless of this, the Court is convinced that the Pulaski Circuit Court acquired exclusive jurisdiction of the subject matter, that the Sebastian Circuit Court had no jurisdiction of said subject matter, and that this Court acquired none on removal.

Therefore, plaintiffs' complaint should be dismissed for lack of jurisdiction.

An order in accordance with the above is being entered today.