CARPENTER *v.* BASKIN.

5-511                                                      273 S. W. 2d 25

Opinion delivered December 6, 1954.

*Shelby Ferguson* and *S. M. Bone,* for appellant.

*Wright, Harrison, Lindsey & Upton,* for appellee.

GRIFFIN SMITH, Chief Justice. Lloyd Carpenter, a resident of Sharp county, was killed in White county when the pickup truck he was driving hit or was hit by a truck-trailer owned by Butane Wholesale Gas Company and driven by Carroll D. Baskin. Butane is a corporation having its principal place of business in Pulaski county, and Baskin is a Pulaski county resident.

Marlin Carpenter was appointed administrator February 4th, 1954, and on the 17th suit was filed in Pulaski county by Baskin, who alleged personal injuries because of Lloyd Carpenter's negligence, and by Butane to compensate damage to its truck. Service was procured the same day.

The administrator sued in Sharp county February 24th, naming Baskin and Butane as defendants. He asked for $50,000 for the benefit of the decedent's next

of kin, (2) reimbursement for funeral expenses Marlin Carpenter says he paid, and (3) property loss incident to the pickup truck, ownership of which was asserted by the plaintiff.

Sharp circuit court sustained the joint motion of Baskin and Butane to dismiss that portion of the complaint which sought to recover for the benefit of those claiming by reason of kinship, and for funeral reimbursement, but left pending Marlin Carpenter's individual demand for compensation covering damage to the pickup truck. The appeal questions correctness of this order.

The so-called Venue Act of 1939 provides that ''All actions for damages for personal injury or death by wrongful act shall be brought in the county where the accident occurred which caused the injury or death, or in the county where the person injured or killed resided at the time of injury. . . .'' Ark. Stats., § 27-610.

It is contended on behalf of the administrator that the suit he filed in Sharp county was an exercise of one of but two alternatives: he was restricted to the county in which Lloyd Carpenter resided or the county where the accident occurred. Since no action could be brought by the administrator in Pulaski county, counsel for the administrator think the Venue Act permits the suit in Sharp county, irrespective of the fact that the Baskin-Butane complaint, with completed service, was first in point of time.

We have not had the exact question presented as it is advanced here, although inferentially it has been decided against appellant's theory. See *Kornegay* v. *Auten, Judge,* 203 Ark. 687, 158 S. W. 2d 473; *Sims* v. *Toler, Judge,* 214 Ark. 732, 217 S. W. 2d 928; *Healey & Roth* v. *Huie, Judge,* 220 Ark. 16, 245 S. W. 2d 813; *Shrieves* v. *Yarbrough,* 220 Ark. 256, 247 S. W. 2d 193.

The answer to appellant's apprehension that venue as to the administrator's representative demand is in any circumstance confined to Sharp or White county is that

when Baskin and Butane sued in Pulaski county all rights occasioned by death or personal injury arising from the negligent acts of any required by law to respond in damages came under jurisdiction of the court where the action was first filed and service procured. The construction appellant seeks to invoke would result in two suits, something the legislative authority did not intend. Since by cross-complaint appellant has the right to litigate his affirmative claims, it follows that the trial court did not err in granting the motion.

Affirmed.