Mrs. Garland SIMMONS, Plaintiff,

v.

Robert BROOMFIELD and Delia Broomfield, Defendants.

Civ. A. 1426.

United States District Court
W. D. Arkansas,
Fort Smith Division.

June 30, 1958.

Ralph W. Robinson, Van Buren, Ark., Hardin, Barton, Hardin & Garner, Ft. Smith, Ark., for plaintiff.

Harper, Harper, Young & Durden, Ft. Smith, Ark., for defendants.

JOHN E. MILLER, District Judge.

The defendants have filed a motion to dismiss on the ground that this Court lacks jurisdiction over either the subject matter of plaintiff's complaint or the persons of the defendants, to which plaintiff filed a response denying that the Court lacks jurisdiction.

The parties have filed a stipulation of facts, and in order to determine the question raised it is necessary to keep in mind the facts as stipulated.

On April 5, 1957, an automobile collision occurred in Fort Smith, Arkansas, between a vehicle driven by Joe Simmons in which Freddie Simmons, Mrs. Garland Simmons and Mrs. Hazel Gayski were

passengers and a vehicle being driven by defendant, Robert Broomfield, in which his wife, the defendant Delia Broomfield, and their infant son, John Randall Broomfield, were passengers.

On April 22, 1958, Mrs. Garland Simmons filed an action against these defendants in the Circuit Court of Crawford County, Arkansas, the County of the residence of plaintiff, Mrs. Simmons. The defendants are citizens and residents of a state other than Arkansas, and there is more than $3,000, exclusive of interest and costs, involved. Section 27-612, Ark.Stats.1947, permits the filing of a suit for the recovery of damages against a non-resident of the State in the county where the accident occurred or where the person injured resided at the time of the injury.

Service of process on defendants was under the Non-Resident Motorist Service Statute, Ark.Stat.Ann., Secs. 27-342.1 and 27-342.2 (Supp.1957). Section 27-342.1 provides that the acceptance by a non-resident owner or operator of a motor vehicle of the rights and privileges conferred by the laws of the State of Arkansas to drive or operate such vehicle upon the public highway of the State "shall be deemed equivalent to the appointment by such nonresident owner, nonresident operator * * * of the secretary of the State of Arkansas or his successor in office to be the true and lawful attorney and agent of such nonresident owner, or nonresident operator * * * upon whom may be served all lawful process in any action or proceedings against him."

Section 27-342.2 provides:

"Service of such process shall be made by serving a copy of the process on the said Secretary of State and such service shall be sufficient service upon the said nonresident owner, or nonresident operator * * * provided that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff or his attorney to the defendant at his last known address * * * and the defend-

ant's return receipt, * * * or the affidavit of the plaintiff or his attorney of compliance herewith are to be appended to the writ or process and entered and filed in the office of the clerk of the court wherein said cause is brought."

The Section further provides that the court where the action is pending may order such continuance as may be necessary to afford the defendant or defendants reasonable opportunity to defend the action.

Summons was duly issued on the day the suit was filed, April 22, 1958, directed to the Sheriff of Pulaski County, and on April 24, 1958, was duly served by the Sheriff of Pulaski County upon the Secretary of State. The return of the Sheriff on the summons against each of the defendants recites that he had duly served the within writ by delivering a copy and stating the substance therein to the within named defendant by delivering the copy to C. G. Hall, Secretary of State, State of Arkansas, agent for service.

On April 29, 1958, the attorney for the plaintiff, Mrs. Simmons, by registered mail notified the defendants of the pendency of the action by directing a letter to each of the defendants at their last known address, 1412 West 24th Street, Tulsa, Oklahoma. In the letter the attorney for Mrs. Simmons enclosed a copy of the complaint, together with the summons and the return thereon. The registered letters were received by the defendants on May 5, 1958, and on May 9, 1958, the return receipts and the affidavit of the attorney for Mrs. Simmons were filed with the Clerk of the Crawford County Circuit Court. No notice was given of the filing of the return registry receipts and the affidavit of the attorney for plaintiff. On May 12, 1958, the defendants filed their petition for removal to which was attached a copy of the complaint, summons and return thereon against both defendants, and bond for removal. Notice of removal was also given to the attorney of record for the plaintiff, Mrs. Simmons, on the same date.

The return registry receipts and affidavit of the attorney for Mrs. Simmons, although filed with the Clerk of the Circuit Court of Crawford County, Arkansas, were not attached to the petition for removal, but defendants inquired of the Clerk of the Crawford Circuit Court at the time the petition of removal was filed whether such return registry receipts and affidavit had been filed. The Clerk inadvertently did not include them as an exhibit to the petition for removal.

Prior to filing the petition for removal, the defendants herein, as plaintiffs, filed an action in the Circuit Court of Sebastian County, Fort Smith District, against the plaintiff herein, as defendant. Section 27-610, Ark.Stat.1947 Annotated, provides that all actions for damages for personal injury or death shall be brought in the county where the accident occurred which caused the injury or death or in the county where the person injured or killed resided at the time of the injury, and that in all such actions service of summons may be had upon any party to such action, in addition to other methods now provided by law, by service of summons upon any agent who is a legal employee of such party and on duty at the time of such service.

Summons was issued by the Clerk of the Circuit Court of Sebastian County, Fort Smith District, on the day the suit was filed, May 7, 1958, directed to the Sheriff of Crawford County, the county of the residence of the defendant in that action, Mrs. Garland Simmons, and the Sheriff's return discloses that the summons was served on May 8, 1958, by delivering a copy of the same to Mrs. Simmons in person.

The case at bar and the action filed by Mr. and Mrs. Broomfield against Mrs. Simmons in the Sebastian County Circuit Court involve the same parties and the same subject matter.

It will be observed that the suit at bar was filed, summons issued thereon the same day, April 22, 1958, and served on the Secretary of State April 24, 1958, and notice to the non-resident defendants was mailed by registered mail on April 29, 1958. A copy of the complaint and a copy of the summons showing service thereof on the Secretary of State was received by the defendants on May 5, 1958, prior to the filing by the Broomfields of their suit in the Sebastian County Circuit Court, but the affidavit of the attorney for the plaintiff and the return registry receipts were not filed with the Clerk of the Crawford County Circuit Court until May 9, 1958.

The defendants in support of their motion to dismiss contend that, since they filed their suit against Mrs. Simmons in the Sebastian County Circuit Court, Fort Smith District, on May 7, 1958, prior to the filing by the plaintiff or her attorney of the return registry receipts and the affidavit of the attorney, and since the service of summons issued out of the Sebastian County Circuit Court against Mrs. Simmons was served on May 8, 1958, one day prior to the filing of the return registry receipts and affidavit, the Crawford County Circuit Court did not have jurisdiction of the subject matter or the defendants, and that the Sebastian County Circuit Court, Fort Smith District, had obtained exclusive jurisdiction; that since the Crawford County Circuit Court did not have jurisdiction, this Court can acquire no jurisdiction upon removal.

The plaintiff, on the other hand, contends that her service of process on the defendants was completed first, and that the Crawford County Circuit Court thus had jurisdiction of the parties and the subject matter and this Court upon removal likewise has jurisdiction.

 It is elemental that if the Crawford County Circuit Court had no jurisdiction of the instant case, this Court can acquire none upon removal. Evans v. Thompson, D.C.W.D.Ark., 121 F.Supp. 46, 49; Mayner v. Utah Construction Co., D.C.W.D.Ark., 108 F.Supp. 532. And it is firmly established under the Arkansas law that when venue may be laid in more than one county, the court wherein suit is first filed and summons is first served acquires exclusive jurisdiction. Evans v. Thompson, supra; Healey & Roth v.

Huie, 220 Ark. 16, 245 S.W.2d 813; Sims v. Toler, 214 Ark. 732, 217 S.W.2d 928.

To be more specific, the rule is stated in Healey & Roth v. Huie, supra, 220 Ark. 16, 245 S.W.2d, at page 18 of 220 Ark., at page 814 of 245 S.W.2d, as follows:

"We agree with respondent in the statement that while venue may be in different counties, eventually jurisdiction must center in one, and it is completed when the issues have been sufficiently stated in appropriate pleadings in a court having jurisdiction of the subject-matter, and when the person or persons against whom judgment has been sought have been served with process or have entered an appearance."

In the instant case it is clear that service in the Sebastian County Circuit Court action was complete on May 8, 1958, and that court acquired jurisdiction of the parties and the subject matter, unless the Crawford County Circuit Court had acquired prior jurisdiction. Thus, the learned attorney for the defendants in this case is correct when he states that "The question resolves itself down as to when service under the non-resident motorist statute is so complete that jurisdiction over the person of the defendants attaches." The precise question now before the Court does not appear to have been determined by the Arkansas Supreme Court, and the moving defendants contend strongly that the service of process is not complete for jurisdictional purposes until the affidavit of mailing or the return registry receipts have been filed in the office of the clerk of the court where the action is pending. Contrarily, the plaintiff contends that service of process was complete when summons was served on the Secretary of State.

The duty devolves upon this Court of predict or forecast what the Arkansas Supreme Court would hold under similar circumstances. Nugent v. General Ins. Co. of America, 8 Cir., 253 F.2d 800; Homolla v. Gluck, 8 Cir., 248 F.2d 731, 734. Courts from other jurisdictions, in determining the question of when service on a non-resident motorist is complete, have concluded that such service is complete when it is made on the proper state official. In this regard, in 61 C.J.S. Motor Vehicles § 502, p. 162, it is said:

"When service complete. Service on a nonresident motorist has been held to be complete when service is made on the state official without regard to when the nonresident motorist receives notice." Citing, Allen v. Campbell, La.App., 141 So. 827; Bessan v. Public Service Co-Ordinated Transport, 135 Misc. 368, 237 N.Y.S. 689.

See also, Bucholz v. Hutton, D.C.Mont., 153 F.Supp. 62, 68; Hale v. Morgan Packing Co., D.C.Ill., 91 F.Supp. 11; Peeples v. Ramspacher, D.C.S.C., 29 F.Supp. 632.

There have also been a number of decisions on the question of when service of process is complete for purposes of removal, i. e., when the twenty-day period for removal begins to run against the defendant. There is a decided conflict in the decisions on this point as is pointed out by the court in Mahony v. Witt Ice and Gas Company, D.C.Mo., 131 F.Supp. 564, 567, where the court said:

"In addition to the opinions of Judge Reeves, noted above, the Districts of Minnesota, Hegelson v. Barz, D.C., 89 F.Supp. 429, and Nebraska, Youngson v. Lusk, D.C., 96 F.Supp. 285, have apparently held that the 20-day period runs from the day service is had upon the designated state official, holding that service under their respective statutes is therewith complete. On the other hand, the rule in the Eastern District of Missouri, Welker v. Hefner, D.C., 97 F.Supp. 630, and all other courts whose decisions have been reported, Merz v. Dixon, D.C.Kan., 95 F.Supp. 193; Moon v. Makowski, D.C.S.D.Ohio, 114 F.Supp. 914; Alexander v. Peter Holding Co., D.C.E. D.N.Y., 94 F.Supp. 299, and Durr Drug Co. v. American Surety Co., D.C.M.D.Ala., 126 F.Supp. 815 (the

last two on similar statutes relating to non-resident corporations), is that under the doctrine of Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446, service under such statutes is not complete, constitutionally speaking, unless there is some notice of the service given the non-resident; hence they reason the 20-day period should not begin to run until the defendant actually receives notice of the service of process directed to him."

It will be noted that these decisions consider service complete for removal purposes either when service is had upon the state official, or when notice is actually received by the defendant; the decisions do not require proof of service to be made before the time for removal begins to run.

■ While the Arkansas Supreme Court has not considered the precise question here involved, the Court has considered related questions concerning the non-resident motorist service statute. For one thing, the statute is in derogation of the common law and must be strictly construed. Camden v. Harris, D.C.W.D.Ark., 109 F.Supp. 311, 313; Kerr v. Greenstein, 213 Ark. 447, 212 S.W.2d 1.

In Kelso v. Bush, 191 Ark. 1044, 89 S.W.2d 594, the court held the act constitutional, and at page 1048 of 191 Ark., at page 596 of 89 S.W.2d said:

"In other words, if actual notice to the non-resident defendant is provided for with reasonable certainty in the enactment, it will suffice to afford due process."

And in Alexander v. Bush, 199 Ark. 562, 564, 134 S.W.2d 519, in speaking of the act, the court said:

"It is not suggested that petitioner did not get 'actual notice' of the pendency of this action, and we think the act requires such notice to be given before jurisdiction of the defendant is acquired."

These statements of the Arkansas Supreme Court leave some doubt as to whether the court would hold that service is complete, for the purpose of establishing prior jurisdiction as between state trial courts, at the time of service on the Secretary of State, at the time notice of such service and a copy of the process are sent by registered mail to the defendant, or at the time such notice is actually received by the defendant. There is nothing in the Arkansas decisions, however, which would indicate that such service would not be complete, for the purpose of acquiring prior jurisdiction, until proof of service is made by the filing of the affidavit or the return registry receipts. Nor does the nonresident motorist service statute by its terms indicate such a conclusion.

■ For the above reasons this Court is convinced that under the Arkansas law service under the nonresident motorist service statute is complete, for purposes of determining prior jurisdiction as between state trial courts, at least when notice is actually received by the defendant or defendants, if not, in fact, complete prior to that time.[1]

■ When the rule is applied to the facts in the instant case it is evident that the Crawford County Circuit Court was the first to acquire jurisdiction inasmuch as notice was actually received by the defendants, Robert and Delia Broomfield, on May 5, 1958, which was prior to the filing of the suit in the Sebastian County Circuit Court on May 7, and the securing of service on May 8 in said suit.

---

1. The Court does not feel that it should determine whether service is complete at the time of service on the Secretary of State, or at the time notice is mailed, since such determination is not necessary to the decision in this case, and is a matter which should, if possible, be settled by the Arkansas Supreme Court rather than by this Court. For present purposes it is sufficient if service is complete at least by the time notice is actually received by the defendant or defendants.

The necessary result of this sequence of events is that the Crawford County Circuit Court had jurisdiction of this case at the time it was removed to this Court, and that this Court at the present time has jurisdiction of the parties and of the subject matter. Defendants' motion to dismiss should be overruled, and an order to that effect should be entered.